The Ind. Dist. of Mason City v. Reichard.

THE IND. DIST. OF MASON CITY v. REICHARD ET AL.

1. **Surety : CHANGE OF CONTRACT : RELEASE.** The surety has the right to stand upon the terms of the original contract, and any material change therein without his consent, affecting the subject-matter of the contract even to a slight degree, will exonerate him.

2. —— : **CONTRACT : SIGNATURE IN OFFICIAL CAPACITY.** Where a party signs a contract in his official capacity he is not liable individually, and an action may be maintained thereon against a surety in the name of the party or corporation he represented.

3. —— : **SCHOOL DISTRICT.** While a school district, in whose favor a bond to secure a contract had been executed, might not have power directly to release the sureties, it had authority to change the contract, and the effect of the change would be the release of the sureties.

*Appeal from Marion District Court.*

MONDAY, DECEMBER 9.

THIS is an action to recover damages on a bond given by defendants to secure the performance by the defendant Jacob

Reichard of a contract entered into by him with the plaintiff for the erection of a school-house. Jacob Reichard was the principal, and John Reichard, Joseph Johnson and A. D. Wetherell were the sureties upon this bond, which was executed on the 29th day of April, 1872. The original contract was executed on the same day, and stipulated for the building of the school-house of brick, and the completion of it by the 15th day of November, 1872, for the consideration of twenty-one thousand dollars, to be paid as follows: "Twenty thousand dollars in bonds of said school district at par, to be delivered to said second party upon his executing and delivering to said first party a good and sufficient bond, with sureties, conditioned that said second party shall build and finish said school-house according to the terms, drafts, plans and specifications of this contract; said bond and sureties to be approved by the school board of said school district, and one thousand dollars in money upon the completion of said school-house, and its acceptance by said school board."

The petition alleges that on the 16th day of July, 1872, the plaintiff and the said Jacob Reichard entered into a written contract making a change in the terms of the original contract for the building and completion of the school-house, and that subsequently thereto, on the 12th of August, 1872, the other defendants, by their contract in writing, assented to said changes. The action is brought for a failure to complete the school-house by the 1st day of January, 1873, the time fixed in the contract as changed. The defendants, sureties on the bond, answered, admitting that changes were made on July 16, 1872, in the terms of the original contract for the building and completion of the school-house, but denying that on the 12th day of August, or at any other time, they assented thereto. These defendants further allege in their answer that the original contract between plaintiff and Reichard was changed materially, without the consent of said sureties, on the 11th day of May, 1872; that by the terms of said last mentioned contract the original contract was so

changed that plaintiff was required to negotiate the bonds. mentioned in said original contract at an expense of not less than one thousand dollars, to be paid by said Reichard; and said original contract was still further altered in regard to the mode and time of payment of the contract price for the erection of said school-house, so as to be paid as follows: Twelve thousand dollars within twenty days from the date of said new or supplemental contract; six thousand dollars when the walls of the building were completed and ready for the joists; one thousand dollars when said building should be built and accepted by plaintiff. The defendants insist that, on account of these changes made, as alleged, without their consent, they are discharged from liability as sureties upon the bond. The cause was tried by a jury, and under the instructions of the court a verdict was returned against the defendant Jacob Reichard for eleven thousand dollars, and in favor of the other defendants. The plaintiff appeals.

*B. F. Hartshorn, Miller & Cliggitt* and *J. G. Patterson*, for appellant.

*M. E. Cutts* and *Stone & Ayres*, for appellees.

DAY, J.—The original contract was entered into on the 29th day of April, 1872, and provides for the delivery to Jacob Reichard, in payment for the work stipulated to be performed by him, of twenty thousand dollars in bonds of the school district at par, upon his executing and delivering a bond conditioned for the building of the school-house according to plans and specifications referred to. The bond was executed upon the same day, and for the conditions to be performed by Jacob Reichard refers to this agreement.

1. SURETY: change of contract: release.

On the 11th day of May, 1872, the following agreement was entered into:

"It is hereby further agreed between the school board and said Reichard that the school board shall negotiate said bonds

for said Reichard at an expense of not more than one thousand dollars, which expense shall be paid by said Reichard, and the board shall make payment as follows to said Reichard: Twelve thousand dollars within twenty days from this date; six thousand dollars when the walls of said building are completed and ready for the joists, and one thousand dollars when the building is completed and accepted by the board."

This contract was signed by Jacob Reichard and by the board of directors of plaintiff, and attested by their secretary. There is no proof that the sureties upon the bond assented to this contract, and it is not claimed that they ever did assent thereto. The changes made by this agreement are material. By the original contract defendant Jacob Reichard was to have twenty thousand dollars in bonds as soon as he gave bond, with sureties, for the proper performance of his contract. Under this supplemental agreement no payment was to be made until twenty days after the agreement was signed, and then only twelve thousand dollars was to be paid. Of the balance, the payment of six thousand dollars was to be postponed until the walls of the building were completed and ready for the joists; one thousand dollars was not to be paid until the building was accepted; and the remaining one thousand dollars was to be allowed to the school board for negotiating the bonds. We think it is very clear that these changes operated to discharge the sureties upon the bond.

"Any alteration, however *bona fide*, by the creditor and the principal, without the assent of the surety, of the terms of the original agreement, so far as they relate to the subject-matter in respect of which the surety became responsible for the principal, will exonerate the surety." Chitty on Contracts (11th Ed.), 776. "And this doctrine seems to hold, although the new terms thus substituted vary only in a slight degree from those of the original agreement." Id., 777. In regard to this principle, in *Miller v. Stewart*, 9 Wheat., 680, it is said: "It is not sufficient that he" (a surety) "may sustain no injury by a change in the contract, or that it may even be for his benefit.

He has a right to stand upon the very terms of his contract, and if he does not assent to any variation of it, and a variation is made, it is fatal." See, also, *Grant v. Smith*, 46 N. Y., 93; *Cunningham v. Wren*, 23 Ill., 69; *Rowan v. Sharp & Co.*, 33 Conn., 1.

II. Appellant claims that the contract of May 11, 1872, was entered into between Jacob Reichard and the directors of plaintiff as individuals, and not between Jacob Reichard and plaintiff. This position, we think, is not tenable. The agreement is signed by all the directors in an official capacity, and attested by their secretary. It does not bind the directors as individuals, and is binding upon the district. See *Baker v. Chambles*, 4 G. Greene, 428; *Lyon v. Adamson et al.*, 7 Iowa, 509.

<div style="margin-left:2em">2. ——: contract: signature in official capacity.</div>

III. It is claimed that the school district had no authority to release the sureties from liability upon their bond. It cannot, however, be denied that the school district had authority to change its original contract with Reichard. When such change is made the legal consequences are the same as if the change were made between individuals.

<div style="margin-left:2em">3. ——: school district.</div>

IV. It is further urged that the board had carried out its contract with Reichard by a delivery to him of the bonds as agreed before the contract of May 11, 1872, was entered into, and that Reichard, having the bonds pursuant to the original contract, might make any agreement respecting them he saw fit, without discharging the sureties. The evidence does not sustain this position. The only testimony upon the subject is that of A. B. Tuttle, a member of the board, who says: "The bonds were made out and signed, but whether they were then delivered to him I can't say. Some of them, I think, were delivered. The question came up before the board, and Reichard, as he stated the matter, could not negotiate the bonds very well, and Lytle, one of the members of the board, knew where they could be negotiated, and the bonds were

returned to the board, and the board acted as his agent in negotiating the bonds." The most that can be claimed for this evidence is that it establishes that some of the bonds were delivered. But Reichard, under his contract, was entitled to all of them. Even if appellant's position on this branch of the case be correct, yet a change in the contract which prevented Reichard from receiving some of the bonds' would be material, and would discharge the sureties.

A further change in the contract was made July 16, 1872, changing the time for the completion of the building to January 1, 1873. The plaintiff claims that the sureties assented to this change. The sureties deny that they so assented. This question involves a construction of writing executed by the sureties on the 12th of August, 1872.

As the changes above considered operated to discharge the sureties from liability, we deem it unnecessary to consider the effect of the subsequent contract of July 16th, or of the instrument executed by the sureties, August 12th. The view above presented disposes of the material and vital questions in the case, without an effort to consider in detail the many errors assigned. It is our opinion that the plaintiff cannot recover against the sureties.

AFFIRMED.

SEEVERS, J., having been of counsel, took no part in the decision of this case.