ANNIS M. KILGORE *vs.* FINLEY H. FRISBEE.

Argued Nov. 28, 1892.   Decided March 13, 1893.

**Evidence Considered.**

> Evidence considered, and *held.* sufficient to sustain the findings of the trial court in respect to the ownership and location of the land in controversy.

Appeal by plaintiff, Annis M. Kilgore, from a judgment of the District Court of St. Louis County, *Ensign*, J., entered December 11, 1891, that he take nothing by his action, and that he pay $22.71 costs.

This action was brought to determine the adverse claim of the defendant, Finley H. Frisbee, to a small vacant piece of land in the southwest corner of block five (5) in Portland Division of Duluth, having a front of about twelve feet on East Superior street, and a depth of about sixty feet.   On the trial, defendant satisfied the court that this land was a part of lot twenty-seven (27) in that block, and had findings and judgment in his favor.   The plaintiff contended that the land was a fractional part of lot twenty-eight (28) in that block not taken for Third Avenue East when that avenue was extended across Superior street to the Lake.   The questions discussed here were in regard to the location of these lots in the successive plattings of this part of Duluth.

*J. B. Richards,* for appellant.

*White, Reynolds & Schmidt,* for respondent.

VANDERBURGH, J.   The plat of that portion of the town of Duluth known as "Portland" included certain portions of sections 2², 23, 26, and 27, in township 50, range 14.   This plat was, upon the proper application and hearing, vacated by decree of the district court of St. Louis county, on the 6th day of August, 1869.   It is recited therein as follows: "And it further appearing that the object and purpose of procuring such vacation is to resurvey and replat the same, so as to make the same conform to the plat of the balance

of Duluth, * * * it is therefore ordered, adjudged, and decreed that that portion of the territory herein described, except that portion of Superior street west of Markell avenue, and also all south of said excepted portion of Superior street, be, and the same is hereby, vacated." And thereupon the owners and proprietors of the same lands caused the same to be resurveyed and replatted so as to cause the streets therein to run parallel with and the avenues at right angles to Superior street, which is reproduced on the new plat, and remains unchanged. So, also, block 5 in Portland, lying south of Superior street, was not vacated, and remains unchanged in the new plat, which is styled "Portland Division of Duluth," and was completed and certified on December 10, 1869. The boundaries of the two plats are the same, and the westerly avenue, called "Third Avenue" on the new plat, is laid out through the land platted to the north line of Superior street, and has been extended by public user through the southwesterly portion of block 5, and is now open and occupied as a street to the lake, and the public easement is not disputed. The title to the property in the street or avenue so extended is not in dispute. The only question is whether any portion of lot 28, in block 5, lies east of the avenue, or whether that lot lies wholly in the street. The common source of title is one Sidney Luce, who, in contemplation of the new plat, conveyed the land covered by block 5, with other lands, in 1869, except that portion thereof included in the avenue so extended. Third avenue, as indicated by the plat, is 60 feet in width, and it is evident that Luce intended to make the intersection of the east line thereof with the south line of Superior street the initial point of the description in his deed, and that avenue so extended the westerly boundary of the land conveyed.

The deed under which plaintiff immediately claims purports to release and quitclaim to him, in consideration of one dollar, "lot No. 28, in block 5, of that part of Duluth formerly known as 'Portland,' being the same numbered lot and block in Portland division of Duluth, as now platted."

It is not material that block 5 and Superior street were not formally vacated when "Portland" was vacated. The deed under which the plaintiff claims refers the description to the new plat, which in-

dicates the location of Third avenue, the west boundary in Luce's deed, so that if no part of lot 28, in controversy, lies east of the east line of that avenue laid out in Portland division, and extended through block 5, the plaintiff acquired nothing by his deed, and should take nothing by this action. There were, as laid out, 29 lots in block 5, numbered from east to west, and lots 28 and 29 are fractional lots. The court finds that lot 28 lies wholly west of the east line of Third avenue, and the plaintiff owns nothing east of that line. This finding is supported by the plat of the Portland division upon which Third avenue is delineated; but, as the survey and actual location of the boundaries must control, we have examined the record fully in order to ascertain whether there is evidence in the case sufficient to sustain the conclusions of fact of the trial court.

It is conceded that all the lots in the block were laid out with a frontage of 30 feet each, except lot 29, the size of which is in dispute. It is a triangular fraction, including the surplus over the 28 lots included in the block. The evidence in the case does not require a finding that lot 29 is 30 feet front or any particular size, so as to crowd the west line of lot 28 beyond the east line of the avenue. On the contrary, there was evidence introduced in defendant's behalf tending to show the location of the northeast corner of the block as originally established, and that all the ground or space in the block east of that avenue and the west boundary line of the description in the Luce deed is included in the lots therein numbered from 1 to 27, inclusive. There is evidence, then, sufficient to sustain the finding of the court.

Judgment affirmed.

Application for reargument denied April 18, 1893.

(Opinion published 55 N. W. Rep. 63.)