IVER L. ERICKSON *vs.* JOHN BRANDT *et al.*

Argued Oct 28, 1892.  Decided April 7, 1893.

**Sureties Released by a Change in the Contract of the Principal.**

The sureties in a bond of indemnity against liens arising in the course of the construction of a building, under a contract between the owner and contractor, *held* released by a departure from the terms of the contract in respect to plan and materials.

**Vendor need not Convey until Vendee Performs.**

Where, by the terms of such contract, the owner of a building agreed with the contractor to convey to him certain real property on the final completion thereof, but such contractor made default in the payment for materials used therein, so that the building became incumbered with liens, *held*, that the owner was not bound to make such conveyance until the liens were discharged, but was entitled to hold the property for his security.

**Seal Imports a Consideration.**

A covenant under seal imports a valid consideration.

Appeal by plaintiff, Iver L. Erickson, from an order of the District Court of Hennepin County, *Smith*, J., made March 18, 1892, denying his motion for a new trial.

Defendant John Brandt contracted with plaintiff August 30, 1890, to make certain alterations and repairs upon plaintiff's house, No. 815 Sixteenth Avenue South, in Minneapolis, and was to receive therefor $1,050, and a conveyance of two lots in Minnetonka worth $1,000. Defendants John F. Peterson and Andrew Bergstrom on October 29, 1890, signed a bond as sureties with Brandt in the penal

sum of $1,500, referring to the contract, and conditioned that if Brandt paid all bills for labor and materials, and held plaintiff's house free from liens, the obligation should be void, otherwise of force.

During the progress of the work upon the house, Brandt and plaintiff modified and departed from the contract without the knowledge or consent of the sureties, and Brandt furnished at plaintiff's request, extra materials and did extra work not provided for in the original contract, amounting in value to at least $150. The floors were changed from pine to hardwood, an arch was built under the front stairs, a woodshed built onto the rear of the house, new window and door casings put on in the second story, a larger and more expensive furnace put in, and other modifications were made and carried out.

Brandt failed to pay the mechanics and material men, and liens were filed and foreclosed, to the amount of $1,411.31, which plaintiff paid. He notified the obligors when the action to foreclose was commenced, and requested them to defend. They neglected to do so, and he defended, and incurred expenses and attorney's fees in so doing. He refused to convey the lots until repaid these liens and expenses. He brought this action upon the bond to recover the sums so paid. The Judge directed a verdict for the defendants Peterson and Bergstrom, and charged that attorney's fees incurred in the lien suit should not be allowed. The jury found for the plaintiff against Brandt for $355.65, and that plaintiff should retain his lots.

*Hahn & Hawley,* for appellant.

Where a creditor holds an obligation of sureties for the payment of a debt, and at the same time has other security which may be applied to the same purpose, it is the duty of the creditor to hold on to such security and not deliver it to the debtor, for the reason that the sureties are, on payment of the debt, entitled to be subrogated. Erickson could not safely convey these lots to Brandt until these liens were satisfied. If Peterson and Bergstrom were compelled to pay them, they were entitled to have the lots conveyed to them. Plaintiff was therefore correct in refusing to deed to Brandt, and the

direction to return a verdict for the sureties cannot be justified on that ground. *Lucas Co.* v. *Roberts,* 49 Iowa, 159; *Weik* v. *Pugh,* 92 Ind. 382.

Nor can it be justified on the ground that plaintiff paid Brandt the $400 before it was due. At most it was but a discharge *pro tanto.* *Kiessig* v. *Allspaugh,* 91 Cal. 231; *Law* v. *East India Co.,* 4 Ves. 829; *Taylor* v. *Jeter,* 23 Mo. 251; *Cummings* v. *Little,* 45 Me. 189; *Wharton* v. *Duncan,* 83 Pa. St. 40; *Barrow* v. *Shields,* 13 La. Ann. 57; *Holland* v. *Johnson,* 51 Ind. 346; *New Hampshire Savings Bank* v. *Colcord,* 15 N. H. 119; *Hurd* v. *Spencer,* 40 Vt. 581; *Grow* v. *Carlock,* 97 N. Y. 81; *Guild* v. *Butler,* 127 Mass. 386.

It is claimed that the contract with Brandt was modified and altered, and that the sureties are discharged for that reason. The trial court so held. But we beg leave to say that the evidence does not clearly show any such thing, and the jury, by the amount of their verdict, most emphatically deny it. The contract was not changed, but only certain minor details of the work, to which Brandt consented, without binding himself to conform to such changes, and without modifying the original contract. We submit this did not release sureties. *Henricus* v. *Englert,* 63 Hun, 625. Whatever may be the conclusion as to Peterson and Bergstrom, a new trial must be granted as to Brandt, for the reason that Erickson was entitled to his reasonable expenses, including reasonable counsel fees, incurred in the defense of the lien suits; and it was error in the court to refuse to submit that matter to the jury. 1 Sutherland, Dam. 43; *Inhabitants of Westfield* v. *Mayo,* 122 Mass. 100; *New Haven & N. Co.* v. *Hayden,* 117 Mass. 433; *Dubois* v. *Hermance,* 56 N. Y. 673; *Ryerson* v. *Chapman,* 66 Me. 557; *Call* v. *Hagar,* 69 Me. 521; *Allis* v. *Nininger,* 25 Minn. 525.

*C. C. Joslyn,* for respondents.

The sureties in the bond knew of a certain definite contract between plaintiff and Brandt, and they obligated themselves to protect plaintiff against all liens arising from the work under that contract. It is absurd to contend, as plaintiff does, that this bond was to in-

demnify him against liens for the building of any house which Brandt might thereafter agree to build for plaintiff. After the execution of the bond, plaintiff and Brandt by agreement altered the original contract so as to require the house to be differently constructed, and so as to require extras not provided for in the original contract, costing $234.75 according to Brandt's testimony, and $150 according to plaintiff's testimony. This is a substantial amount, where the contract price for the house was only $2,050, and the alteration constitutes a departure from, and a modification of, the original contract. The sureties are in law thereby discharged. The sureties in such case have a right to say that they are not bound by the old contract, for that has been abrogated by the new; neither are they bound by the new contract, because they are not parties to it; neither can the contract be split into parts so as to be their contract to a certain extent, and not as to the residue. They are either bound *in toto*, or not at all. *Tomlinson* v. *Simpson*, 33 Minn. 443; *Simonson* v. *Grant*, 36 Minn. 439; *Wager* v. *Brooks*, 37 Minn. 392; *Wheaton* v. *Wheeler*, 27 Minn. 464; *Allis* v. *Ware*, 28 Minn. 166; *Campion* v. *Whitney*, 30 Minn. 177; *Bragg* v. *Shain*, 49 Cal. 131; *Carson Opera House Ass'n* v. *Miller*, 16 Nev. 327; *Judah* v. *Zimmerman*, 22 Ind. 388; *Portage Co. Branch Bank* v. *Lane*, 8 Ohio St. 405.

The cases cited by plaintiff all belong to the class in which the creditor has released some collateral security, by which release the surety has been injured, in which case the *pro tanto* doctrine was properly applied. But among them there is not a single case in which the contract has been modified or departed from by the creditor, and the courts have held that the sureties were not thereby absolutely discharged; or that they were only discharged *pro tanto*. Plaintiff paid $400 several months before the completion of the building, and thereby violated the contract, and took it out of the power of the sureties to control the application of the money to the payment of the liens. The plaintiff also neglected and refused to convey the real estate upon the completion of the building, and thereby violated his contract, and deprived defendant Brandt and his sureties of the means of applying the proceeds of said real estate towards the discharge of the liens.

The reason for the fiction that a seal imports a consideration having long since wholly passed away, and the fiction being worse than useless, this case affords this court an opportunity to make some very good law, by holding that the seal does not express the true consideration as required by the statute of frauds. The court instructed the jury that the claim of $100, for attorney's fees in defending the lien foreclosure suit, need not be considered by them. Brandt made no defense whatever to said claim for attorney's fees, and the court was correct in said instruction.

VANDERBURGH, J. The plaintiff entered into a contract with defendant Brandt, August 30, 1890, for building, repairing, and finishing a house for plaintiff in the city of Minneapolis, according to plans and specifications therein referred to, to be completed November 1, 1890, and for which the plaintiff agreed to pay as follows: $275 when foundation is completed; $375 when house is finished outside; and $400 at final completion of the work,—together with a conveyance of two certain village lots therein described. On October 29, 1890, before the job was completed, the defendant Brandt, as principal, and defendants Peterson and Bergstrom, as sureties, entered into the indemnity bond set forth in the complaint, by them duly sealed, and conditioned as follows: "Whereas the said John Brandt, principal, has entered into a contract with said Iver Erickson for the alteration, construction, and remodeling of said Erickson's house on 16th avenue, in the city of Minneapolis: Now, if the said John Brandt pay all bills for labor and materials performed and furnished in the alteration and construction of said house, and hold said Erickson and the lot on which said house is situated harmless from said bills, and said lot free from liens for labor and material, or for either or both, then this obligation to be void; otherwise, to remain in full force and effect."

At that date the first two installments mentioned in the contract had been paid to Brandt. The job was substantially completed about February 1, 1891, but, by reason of the failure of the defendant Brandt to pay for work done and material used in the building, the premises were incumbered with liens aggregating upwards of $1,500.

Suit was brought for the foreclosure of one of these lien claims, to which the other lienholders became parties, which suit the defendants herein were duly and seasonably notified by the plaintiff to defend, but they failed so to do, and, the lien having finally been established by the judgment of the court, plaintiff was obliged to settle and pay the same, and he now brings this action to recover the amount so paid, together with costs and counsel fees incurred and paid in the foreclosure action mentioned.

1. The defendants Peterson and Bergstrom raise the objection, *in limine*, that the bond of indemnity shows on its face that it was executed after the contract was made, and is without consideration to support it. It is a sufficient answer to this that the instrument is a covenant by which they have bound themselves under seal, which conclusively imports a consideration. *McMillan* v. *Ames*, 33 Minn. 257, (22 N. W. Rep. 612.)

2. It is further urged on behalf of the sureties that they are released by reason of alterations in the execution of the work under the contract, made at the instance of plaintiff by defendant Brandt, and without the consent of the sureties after the execution of the indemnity bond. It also appears that the last installment of $400 was paid before it became due, while there were claims to a large amount outstanding against the building for, which liens were filed. While it is perhaps doubtful whether, as respects this last point, the sureties can claim a release except *pro tanto* to the amount of the installment so improperly advanced, yet we think the charge of the court directing a verdict for the defendants, sureties on the bond, may be sustained on the ground of the departure from the plans and specifications referred to. The contract of the surety is *stricti juris*, and, if a departure from the contract to the extent made in the execution of this one can be disregarded or tolerated, where shall we set the limit?

There were changes made in the construction, not extensive, it is true, but involving different materials and additional labor, which are included in the lien claims established against the building. And in some instances the amount of the increased cost is not clearly de-

fined. We think the changes were correctly held to affect the obligation of the sureties.

Of course, changes affecting the nature of the original contract are to be distinguished from new and independent agreements for extra work, or additions which are entirely separate and independent from the contract for which the sureties are bound; and this distinction has not been overlooked in our consideration of this case.

3. After the work was completed, the defendant Brandt demanded a conveyance of the lots which plaintiff agreed to convey to him as a part of the consideration therefor, which the plaintiff refused to give, upon the ground that the liens were not settled. The court was of the opinion, and so charged the jury, that it was the duty of the plaintiff to convey these lots to the defendant when the work was done, and his refusal to do so upon demand rendered him liable for the value thereof, which the defendant Brandt was entitled to set off against the claim of the plaintiff in this action. This we think was error. Plaintiff was entitled to hold on to these lots for his indemnity, and the defendant could only recover the same or damages for a refusal to convey after full performance on his part, and he had actually indemnified plaintiff for the amount of the liens. As plaintiff alleges his readiness and willingness to make such conveyance, and is not in default while he is entitled to hold the same as security for his advances, he could not be made liable for the value thereof in this action.

4. It was Brandt's duty to defend the action brought to enforce the liens. He was the party primarily liable. The plaintiff should therefore be allowed to recover his expenses actually and reasonably incurred in making such defense.

Order denying new trial affirmed as to the defendants Peterson and Bergstrom, and reversed as to the defendant Brandt.

(Opinion published 55 N. W. Rep. 62.)