JOHN G. ALLEN v. OLAF ENEROTH and Another.[1]

July 15, 1910.

Nos. 16,552—(159).

**Pleading — meaning of "during construction."**
An allegation in a complaint that payments made "during construction" ex-

[1] Reported in 127 N. W. 426.

ceeded eighty per cent. of contract price will not, upon demurrer, be construed to show such payments to have been made before final completion of contract.

## Recovery for damages to date of trial.

When the complaint alleges breach of contract and condition of a bond given to secure its fulfilment, all the damages which have been or will be sustained may be alleged, and recovery had for such as have actually been sustained up to the time of the trial.

## Parties — lien claimants.

In an action upon a builder's bond, lien claimants are not necessary parties.

Action in the district court for Hennepin county against Olaf Eneroth and Illinois Surety Company. The complaint alleged a written contract between plaintiff and Eneroth for the construction of a building for the sum of $16,700, under which by reason of additions and deductions the contract price became $16,919; that the contract provided Eneroth should furnish a bond for the faithful performance of the contract and to indemnify plaintiff against any loss by reason of any lien for labor or materials, and such bond was executed by defendant company with a penalty of $5,000; that plaintiff at various times during the construction of said building had paid Eneroth the sum of $14,461.09 and had in hand and owing to defendant the sum of $2,458.09; that the building was completed and accepted on November 29, 1909; that Eneroth failed to pay for materials and labor for which liens had already been filed or might be filed, the exact amount of which plaintiff was unable to state; that after deducting from such claims the amount of money in plaintiff's hands there still remained due on account of such claims the sum of $4,165.15, no part of which had been paid, which was due to plaintiff; that defendant surety company by reason of Eneroth's failure became indebted to plaintiff in the sum of $4,165.15, and prayed for an accounting of the liens and the amount due on each.

Article X of the contract attached to the complaint provided that certain sums specified were to be paid when specific parts of the work had been done and that "in any event said owner shall retain at least 20 per cent. of the sum to be paid for said work and materials

until after the completion of the work said owner has accepted said building, and it being understood and agreed that said owner shall not accept said building until it is completed in every particular. If at any time there shall be any lien or claim for which, if established, the owner of said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due, or hereafter to become due, an amount sufficient to completely indemnify him against such lien or claim."

Defendant company demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against defendant company and that it appeared there was a defect of parties defendant in that the alleged lien claimants were all necessary parties defendant. From an order, Simpson, J., overruling the demurrer, the surety company appealed. Affirmed.

*Welch & Shearer,* for appellant.

*A. M. Harrison,* for respondent.

O'BRIEN, J.

Appellant, the Illinois Surety Company, became surety on a contractor's bond for defendant Eneroth, and demurred to the complaint exhibited by plaintiff, alleging a default by Eneroth and demanding judgment for the damages alleged to have been sustained. The contract was attached to the complaint, and contained a provision that not more than eighty per cent. of the amount earned under it should be paid until the final acceptance and completion of the building; also that no payments should be made until the contractor exhibited receipts in full to the owner for labor done and materials furnished. The complaint contained no allegation as to the production of receipts, but alleged "that at various times during the construction of said building the said plaintiff has paid in cash to said Olaf Eneroth, and for said items of credit referred to in the last paragraph, the amount of fourteen thousand four hundred and sixty-one and $^{9}/_{100}$ dollars ($14,461.09)," which was considerably more than eighty per cent. of the contract price. The complaint further set out the names of persons who held or would file valid lien statements against the property, the aggregate amount of which claims would,

with the sums already paid by plaintiff, exceed the contract price by several thousand dollars.

1. It is claimed upon behalf of the surety that it appears from the complaint that plaintiff violated the contract by making excessive payments to the contractor, and that it is therefore released.

This court has already held that a bonding or surety company regularly engaging in the business of furnishing bonds for compensation may not invoke the rule strictissimi juris to the same extent as may the surety who, without compensation and as a matter of accommodation, signs a bond for another. We are not, however, prepared to say just when the distinction ceases, and as in so many other instances it is probable that no positive rule which will apply to every case can be given. That there should be a distinction is apparent, not only for the reasons given in Lakeside Land Co. v. Empire State Surety Co., 105 Minn. 213, 117 N. W. 431, but for the additional reason that the expense of the bond in one way or another is generally borne by the one for whose benefit it is executed. But it can be safely said that the rule should not be so far relaxed as to permit the obligee to enhance his damages or commit acts in violation of the contract which directly prejudice the surety. Where it appears that labor and materials are left unpaid, the damage has been enhanced, and the surety company on a contractor's bond prejudiced, by the failure to hold in reserve the agreed amount to secure the payment of such claims. Whether the excess payments release the surety altogether, or should be credited pro tanto upon its full liability, is not here for decision. Erickson v. Brandt, 53 Minn. 10, 55 N. W. 62.

The allegation that the payments were made "at various times during the construction of said building" does not conclusively show that more than eighty per cent. of the contract price was paid before its completion and acceptance. The complaint is silent as to the production of receipts, and under the well-established rule that on demurrer every possible construction most favorable to the pleading must be adopted, we hold this language does not negative the plaintiff's right to recover. The time and manner of such payments,

as well as their effect upon the appellant's liability, can be much better determined upon a full disclosure of all the facts.

2. The complaint sufficiently alleges a breach of the contract by the principal upon the bond. Even if entitled to only nominal damages, the demurrer could not be sustained; but, the breach having been made before suit, the plaintiff may recover all damages sustained, if within the pleadings, up to the time of trial.

3. The character and validity of the liens are sufficiently alleged to support the evidence which the plaintiff will be required to present in order to recover upon the bond because of them. Brandrup v. Empire State Surety Co., supra, page 376, 127 N. W. 424. We do not consider the lien claimants necessary parties defendant.

The order overruling the demurrer is therefore affirmed.