O. J. HOLLAND, Appellee, v. STORY COUNTY et al., Appellants.

**PRINCIPAL AND SURETY:** Discharge of Surety—Change in Plans.
1  A surety on a drainage improvement contract is released by a material and substantial change in the work without his consent. So held where the increase in cost caused by the change exceeded the amount of the bond.

**CONTRACTS:** Action for Breach—Failure of Consideration. A surety
2  on a drainage improvement bond who, upon the default of the principal, enters into a new contract to complete the work may be released from said latter contract, upon a showing that, when said contract was executed, he did not know that he had been *legally released* from liability on said bond because of a prior unauthorized and material change in the contract.

*Appeal from Story District Court.*—E. M. McCALL, Judge.

MARCH 13, 1923.

ACTION in equity by a surety on a bond who is also a party to a contract, to obtain release from liability under each of said written instruments. Decree was granted as prayed. The facts appear in the opinion.—*Affirmed.*

*E. H. Addison* and *B. B. Welty,* for appellants.

*Fred E. Hanson, J. F. Martin,* and *Harry Langland,* for appellees.

Faville, J.—A certain drainage district was established by the board of supervisors of Story County. The improvement consisted wholly of underground tile. The contract for the construction of said drain was let to one Hambly. In May, 1919, appellee Holland and one Hardin signed the contractor's bond of the said Hambly, as sureties. The penalty of said bond was $625. Hambly entered upon the construction of the improvement, and, having failed to complete the same, was discharged, and on or about the 17th of November, 1919, the sureties, Holland and Hardin, entered into a written contract with Hanson and Jacobson for the construction of the uncompleted portion of said drain. This latter contract was obtained at the solicitation and upon the representations of the county engineer of Story County. Subsequently, this action was brought by Holland, claiming that the original bond was obtained from him by misrepresentation, and at a time when he was intoxicated; also claiming there was a material alteration in said bond after the same was executed, and that there was a material alteration in the contract secured by said bond in regard to the work performed thereunder, all of which were made without his consent. The bondsman Hardin having died, his administratrix was substituted as a party to said action, and, by cross-petition, adopted the allegations of the petition of the plaintiff in the action, and prayed the same relief.

I. The first question for our consideration is whether or not there was such a material change in the work of the construction of the improvement under the contract as to release the sureties from liability under the contractor's bond. We think it sufficiently appears from the evidence in the case that there was a substantial change in the work of construction of the improvement under the contract. As the work of digging the ditch progressed, it was discovered that said ditch crossed a line of tile that had previously been laid, and because thereof the county engineer directed the contractor to construct a portion of said improvement along a new line parallel with and about one rod distant from the line as provided in the plans and specifications. The engineer surveyed and set the necessary stakes marking the new line of the ditch, and it was finally constructed

1. Principal and surety: discharge of surety: change in plans.

at this place. The contention of the appellee is that this constituted a material change in the original contract, which resulted in releasing the sureties on the contractor's bond.

The real question is one of fact, and is whether the change was slight and inconsequential, or whether it was material and substantial. It appears from the evidence that the portion of the improvement that was so changed was approximately 1,300 feet in length. The contractor testified that, at the time the change was ordered by the engineer, he had dug one spading the full length of this distance of 1,300 feet, two spadings for about half the distance, and three spadings a portion of the way. There is evidence tending to show that the estimated cost to the contractor, by reason of said change, was about $760.

This case must be governed by the rules announced by us in *Humboldt County v. Ward Bros.*, 163 Iowa 510. In said case, we said:

"It is true that if the plans and specifications were changed so that the surety is damaged, or its liability increased, and these are made in violation of the contract, the surety is released, but then only to the extent that the liability is increased by reason of the change. The nature of the work contracted to be done suggests that, in its full performance and completion, some slight changes must be anticipated."

Appellants lay particular stress upon the phrase in the opinion in said case that the surety is released "only to the extent that the liability is increased by reason of the change." The quoted expression was dictum, and not necessary to the decision of the case in hand. Whether or not we should declare this as a rule of law which we would follow in a proper case, it is unnecessary for us to decide at this time, and we refrain from so doing.

The general rule in respect to the release of sureties on a contractor's bond was stated by us in *Stillman v. Wickham*, 106 Iowa 597, as follows:

"Owing to the situation of the surety, he must be treated with the utmost good faith, and may insist on the strict terms of his obligation. *School Dist. v. Reichard*, 50 Iowa 98; *Starr v. Blatner*, 76 Iowa 358; *Brigham v. Wentworth*, 11 Cush. 123; *Plow Co. v. Walmsley*, 110 Ind. 242 (11 N. E. 232); *Erickson v.*

*Brandt,* 53 Minn. 10 (55 N. W. 62); *Bragg v. Shain,* 49 Cal.
131; *Mayhew v. Boyd,* 5 Md. 102; *Miller v. Stewart,* 9 Wheat.
680. If a material alteration is made in the contract without
the surety's consent, he is discharged, even though the alteration
may be for his benefit. Brandt Suretyship, Section 338."

This is the general rule in cases of this kind. We now hold,
under the record in this case, that the change made in the orig-
inal contract was a material alteration, and was made without
the consent of the sureties on the contractor's bond, and that,
therefore, the sureties were discharged from liability under said
bond because of such change. Even if we were to adhere to the
dictum in the Humboldt County case that the surety is released
only to the extent that the liability is increased by reason of
the change, it would not avail the appellant in the instant case,
because the record shows that the increased liability, by reason
of the change in the contract, was in excess of the total liability
under the bond. It is proper to observe that the change that
was made was one made under the direction of the county engi-
neer, after the plans and specifications had been adopted by the
board of supervisors and the contract let, and the ditch had been
permanently located and partially constructed.

Upon this branch of the case, we hold that there was such
a material change in the contract, under orders from the proper
authorities, as relieved the sureties on the contractor's bond
from their liability.

II. The sureties on the bond, after their principal had
been discharged, entered into a contract with Hanson and Jacob-
son for the completion of the improvement. It is undisputed
that they entered into said contract at a time
2. CONTRACTS:
action for
breach: failure
of considera-
tion.
when, as a matter of law, they had been released
from liability on the contractor's bond because
of the material alteration in the contract.

We also find from the evidence that, at the time of entering
into the said contract, the said sureties did not know and were
not informed about the change that had been made in the con-
tract, nor were they advised of outstanding claims that had been
filed at said time in said ditch proceedings, which aggregated
nearly $400. The lower court found that the said contract was
entered into without consideration. Under the facts and cir-

cumstances disclosed by the record, we are disposed to concur in this finding.

The evidence is in conflict in regard to the questions involved, particularly in regard to the extent and materiality of the change made in the contract. We are satisfied, however, that the bondsmen sufficiently carried the burden resting upon them in this respect, and the finding of the trial court upon the facts meets with our approval.

The decree appealed from is—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.