MINNESOTA VALLEY TREE, INC. v.
HOWARD J. WONG AND OTHERS.
ST. PAUL AND MARINE INSURANCE COMPANY,
THIRD-PARTY DEFENDANT.

240 N. W. 2d 301.

January 16, 1976—No. 45199.

*O. A. Brecke* and *J. Robert Nygren,* for appellant.

*Larkin, Hoffman, Daly & Lindgren* and *James P. Larkin,* for respondents.

Heard before Kelly, Todd, and MacLaughlin, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff, Minnesota Valley Tree, Inc., commenced this action to foreclose a mechanics lien for labor and materials furnished in connection with the construction of a restaurant owned by respondents Howard J. and Mary Wong. Respondents joined appellant, St. Paul Fire and Marine Insurance Company, as a third-party defendant, alleging that appellant, as surety on the construction contract, was liable for any judgment which might be obtained by plaintiff against respondents. Appellant denied liability on the grounds of a prior release and final payment to the contractor, Kaye Construction, Inc., by respondents. After trial, the district court ordered judgment allowing the mechanics lien but decreeing that appellant was liable to respondents for the total amount of the lien and related costs. This appeal followed, and we reverse.

On September 7, 1965, respondents Howard and Mary Wong entered into a contract with Kaye Construction, Inc. (Kaye) for the construction of a restaurant in Bloomington, Minnesota. In connection with the contract, Kaye, as principal, and appellant, St. Paul Fire and Marine Insurance Company, as surety, executed a performance bond and a labor and material payment bond naming respondents as obligees. The bonds obligated appellant, in the event that Kaye defaulted, to complete the performance of the contract and make full payment of all labor and material claims involved in the construction.

On November 15, 1966, Kaye commenced an action against respondents for payments due under the contract. In connection with this suit, counsel for respondents took the deposition of Kaye Westerlund, president of Kaye Construction, Inc. Prior to this deposition, and without actual knowledge by respondents, two subcontractors, Minnesota Valley Tree, Inc., and Hoyt Construction Co. Inc., had filed mechanics lien statements against respondents' property. The deposition contained the following exchange between the attorney for Wong and Kaye Westerlund:

"Q. Now, at the present time are there any subcontractors or material men with amounts due from this job?

"A. Yes, there are.

"Q. And who are they and what are the amounts, due?

"Mrs. O'Neil [Kaye's counsel]: I contend that that's also irrelevant at this time since there are no mechanics liens filed and in no way can the Defendant in this matter be prejudiced."

Later, during the course of the deposition, Kaye's attorney assured Wong's attorney that there were no outstanding liens filed against respondents' property and that the time to file such liens had expired. As indicated above, this information was incorrect.

On May 9, 1967, the lawsuit between Kaye and respondents was settled. Pursuant to the settlement, respondents paid Kaye $5,000 and confessed a judgment in the sum of $20,000 with the proviso that the judgment would become a lien on the restaurant premises. The settlement also contained the following stipulations:

"It is further stipulated and agreed that this settlement is intended to effect a full and complete discharge of all claims as between the parties.

"It is further stipulated and agreed that the defendants will furnish the plaintiff a release on his performance bond."

Appellant-surety was not notified of the suit or the subsequent settlement.

On July 26, 1967, Minnesota Valley Tree, Inc., commenced the instant action to foreclose its mechanics lien. Respondents then brought a third-party action against appellant, alleging that appellant was liable as surety under the labor and material payment bond for any monies which might be adjudged due to plaintiff by respondents. Appellant answered that respondents' settlement with the principal, Kaye Construction, Inc., constituted a complete release of the surety.

The district court, in reaching its decision which allowed the mechanics lien against respondents' property and held appellant liable to respondents for the amount of the lien, found that "[a]t the time of this settlement Mr. Wong did not know of the existence of the Minnesota Valley Tree lien * * *."

While respondents did not know of any specific liens at the time of settlement, they did know that there were certain subcontractors or materialmen still unpaid as of April 11, 1967, the date of Kaye Westerlund's deposition. More importantly, respondents also certainly knew of the existence of the Minnesota Valley Tree lien no later than July 26, 1967, the date on which plaintiff commenced the lien foreclosure action against them. While we have held that it is "the business of the surety rather than the obligee to see that the principal performs the duty which the surety has guaranteed" (Central Metropolitan Bank v. Fidelity & Cas. Co. 159 Minn. 28, 33, 198 N. W. 137, 139 [1924]), we have also recognized that an obligee may not create a liability on the part of a surety on a contractor's bond by improperly paying the contractor. Allen v. Eneroth, 111 Minn. 395, 127 N. W. 426 (1910).

In this case, respondents knew that there were outstanding liens when Minnesota Valley Tree commenced the lien action on July 26, 1967. In that action plaintiff, in addition to requesting the allowance of the lien, asked for a final judgment against respondents in the amount of $3,453.37, plus interest and attorneys fees. While the record is hazy, there is no doubt from facts elicited on oral argument that the $20,000 confessed judgment from respondents to Kaye was unpaid as of July 26, 1967. There-

fore, as of that date, considering respondents' duty to act in good faith under the circumstances, it was encumbent upon them to consider the $20,000 unpaid judgment in favor of Kaye (who, after all, had incurred and failed to pay the obligation allegedly due plaintiff) as a fund from which such unpaid lienholders could be satisfied. If they had done so, respondents could have assured that appellant-surety would not be obligated to pay a judgment for which other funds due to the bond obligor, Kaye, were available. Thus, respondents at the time of the commencement of the present suit had a duty to pursue a claim against Kaye alleging that the amount of plaintiff's unpaid bill, if any, should be offset from the $20,000 confessed judgment due from respondents to Kaye.

We hold therefore that respondents, under the facts of this case, were obligated to satisfy plaintiff's claim from the $20,000 confessed judgment before making a final payment to Kaye under the settlement agreement. Having failed to do so, we hold that respondents cannot now require appellant to pay plaintiff's lien claim.[1]

Because of our disposition of this case, it is not necessary to discuss other issues raised by the parties.

Reversed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.

---

[1] Our holding, of course, does not affect the trial court's determination as to Wongs' liability for the unpaid lien claims. (The trial court's conclusions of law 1-4, 6-7.)