# Holtby, Appellant, *v.* Zane.

*Contract—Building contracts—Principal and surety—Limitation as to suit.*

Where a building contract provided for the completion of a building within four months, and also provided that if the contractor failed to proceed with the work, the owner might finish it and charge any loss to the contractor, and the owner in fact entered and finished the work but took a year to do so, the owner cannot recover from the contractor's surety, where the bond of suretyship provided that any suit brought on the bond must be instituted "within six months after the first breach of said contract."

Argued Jan. 7, 1908.   Appeal, No. 169, Jan. T., 1907, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1906, No. 4,999, discharging rule for judgment for want of a sufficient affidavit of defense in case of John V. Holtby v. H. Marion Zane and the Empire State Surety Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Assumpsit on a bond of suretyship.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Supreme Court.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of court.

*Lewis Lawrence Smith,* for appellant, cited : Duplan Silk Co. v. Spencer, 115 Fed. Repr. 689 ; Helme v. Life Ins. Co., 61 Pa. 107.

*Sidney L. Krauss,* with him *William A. Carr* and *W. Horace Hepburn,* for appellee, cited : Northwestern Insurance Co. v. Phœnix Oil & Candle Co., 31 Pa. 448 ; Hocking v. Insurance Co., 130 Pa. 170 ; Schroeder v. Keystone Insurance Co., 2 Phila. 286 ; Waite v. Spring Garden Insurance Co., 1 W. N. C. 155.

OPINION BY MR. JUSTICE STEWART, March 2, 1908 :

This was a suit upon a bond given for the performance of a building contract entered into by Zane, one of the defendants, with the plaintiff. The contract, dated April 24, 1905, called for the erection and construction of a dwelling house, to be completed August 31, of the same year. It provided that in case of failure on part of the contractor to proceed with the work, the owner should have the right to terminate his employment and take possession for the purpose of completing the work included in the contract. In such event the contractor was to receive no further payments until the completion of the building, when if it should appear that the unpaid balance under the contract exceeded the expense incurred by the owner, the excess should be paid to him, but, if such expense exceeded the unpaid balance, the contractor should pay the difference to the owner. Zane had but partially completed the building when for sufficient cause he was dismissed from the work, and the plaintiff proceeded to finish it himself. The building was not completed until July of the following year, when it was ascertained that the cost exceeded the unpaid balance on the contract price some $1,505. The action was brought to recover this difference ; but was not brought until August 31, 1906. The surety company in its affidavit of defense set up the limitation of plaintiff's right of action as expressed in the

bond.    The provision was as follows : " Provided further, that any suits at law or proceedings in equity brought against this bond to recover any claim hereunder, must be instituted within six months after the first breach of said contract." A rule was taken for judgment for want of a sufficient affidavit of defense, which the court discharged, filing no opinion.

The appellant's contention is that inasmuch as it could not be known until the completion of the building, what, if any, loss the plaintiff had sustained by reason of the contractor's failure to do the work, no right of action on the bond could have occurred until then, and that the limitation upon plaintiff's right to sue began to run only with the contractor's failure to make good to the plaintiff the excess that he had been obliged to pay for the completion of the building.    This view of the case admits of but one possible breach of the building contract—failure to pay the ascertained loss—whereas the contract of surety contemplates several.    By the terms of the latter, the right to sue must be exercised within six months after the first breach.    It is, we apprehend, only because of the difficulty the plaintiff would have encountered in establishing any loss had he brought his action immediately upon the contractor's discharge, that the suggestion is made that the failure on the latter's part, which resulted in his discharge, was not a breach of the contract within the meaning of the parties. Whatever the failure was, if it was so serious as to justify a discharge from the work, nothing short of an expressed provision to the contrary could make it less than a distinct breach, as that term is ordinarily understood.    The construction contended for not only disregards the plain language of the contract, but it so manifestly and seriously impairs the limitation upon the right to sue that it is unreasonable to suppose any such effect was in contemplation of the parties.    A proper construction can be given the contract of suretyship only as the obligations, which Zane assumed under the building contract, are considered.    One of these was, to finish and complete the building within four months.    The relation in which the limitation upon the right to sue stands to this provision in the building contract, is too obvious to be overlooked.    Considering that under the terms of the contract the loss sustained by plaintiff, resulting from a breach by Zane, could only be

ascertained upon a completion of the work, where can there be found in either contract any suggestion of an enlargement of time for the erection of the building? The saving clause for the plaintiff is in the surety company's contract. No matter how early in the course of the work the breach might occur, there would remain at least two months beyond the stipulated period during which time the right to sue would survive, and plaintiff would have this additional period in which to complete the work. A construction which thus carries the right to sue to such definite later period, would give the plaintiff all the protection which one in his situation at the time would be likely to require, and at the same time would put a reasonable limitation to the surety company's liability. Under any other construction the limitation of the right to sue would be utterly valueless to the surety company; since the liability could be prolonged indefinitely by plaintiff's delay in completing the building. As it was, the plaintiff took a whole year to finish a partially constructed building, which the contractor had engaged to complete within four months of the time he entered upon the work. If one year, why not two? We think it plain, beyond dispute, that the surety company's obligation here had regard to the period within which the building was to be completed by the contractor, and that the six months' limitation upon the right to sue, began to run whenever during this period a breach on his part was declared.

Judgment affirmed.