LAKESIDE LAND COMPANY v. EMPIRE STATE SURETY COMPANY.[1]

July 31, 1908.

Nos. 15,700—(220).

**Building Contract—Liability of Surety.**

A building contract provided that the contract was to be completed within a specified time, and the bond securing its performance, executed by a surety company, contained a general provision that notice of any default should be served on the surety within fifteen days from its occurrence, together with a statement in detail of the facts. *Held*, no claim being made for damages by reason of the delay in construction, the failure to give notice of such delay within the required time did not relieve the surety from damages arising from labor and materialmen's liens.

Action in the district court for St. Louis county to recover from defendant as surety on two bonds certain sums of money paid by

[1] Reported in 117 N. W. 431.

plaintiff to protect itself from liens filed against its property. Upon the pleadings and stipulated facts the case was submitted to Dibell, J., who found in favor of the plaintiff in the sum of $1,075.79. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*E. P. Towne* and *Edmond Ingalls,* for appellant.

*Stearns & Hunter,* for respondent.

LEWIS, J.

Respondent and a contractor entered into agreements in writing whereby the contractor agreed to furnish the necessary material and labor and to construct two dwelling houses, to be completed within a certain time. Appellant company, as surety for the contractor, executed a bond to respondent as obligee, conditioned as follows:

"Now, therefore, the condition of this obligation is such that, if the said principal shall faithfully perform said contract on his part according to the terms, covenants, and conditions thereof (except as hereinafter provided), then this obligation shall be void; otherwise, to remain in full force and effect: Provided, however, and upon the following further express conditions: First, that in the event of any default on the part of the said principal in the performance of any of the terms, covenants, or conditions of said contract, written notice thereof with a verified statement of the particular facts, showing such default and the date thereof, shall within fifteen days thereafter be delivered to the Empire State Surety Company, at its office, No. 34 Pine street, in the city of New York, New York."

The contractor thereupon entered upon the construction of the houses, but failed to complete them within the time limited by the contracts, and also failed to pay for a portion of the material and labor used in the construction of the buildings, and respondent, in order to protect itself against mechanics' and materialmen's liens, which had been filed against the premises, paid the same and then commenced this action to secure reimbursement for the sum so expended.

Appellant concedes that respondent waived all claim of damages for delay in completing the buildings, and concedes its liability for the amount of the liens paid by respondent, provided it was not whol-

ly released by the failure to give the notice above stated. Appellant cites Simonson v. Grant, 36 Minn. 439, 31 N. W. 861, Morrison v. Arons, 65 Minn. 321, 68 N. W. 33, and Fidelity Mutual Life Assn. v. Dewey, 83 Minn. 389, 86 N. W. 423, 54 L. R. A. 945, and relies upon the rule of strict construction there applied.

The first case bears some resemblance to the one before us, and yet is essentially different. Simonson and others furnished building material to contractors to be used in the erection of a house for the owner, and also became the sureties for faithful performance by the contractor. The terms of the contract were departed from, and the owner made payments to various parties on the order of the contractor, and in some instances paid out money in excess of the instalment due and in anticipation thereof. It was held that the departure in the method of payment from the terms of the contract so varied its terms as to release the sureties, although it did not appear that they were directly damaged by such change. In the other two cases cited the facts were entirely different from those under consideration, and there is no necessity for calling particular attention to the distinction.

Appellant also refers to National Surety Co. v. Long, 125 Fed. 887, 60 C. C. A. 623, and United States Fidelity & Guaranty Co. v. Rice, 148 Fed. 206, 78 C. C. A. 164, both from the Circuit Court of Appeals, Eighth Circuit. Those cases are to be distinguished, however, in this particular: In the first it was provided that, if at any time it appeared that the contractor had abandoned the work, the obligee should immediately notify the surety company in writing, and the company should have the right, at its option, to assume such contract and sublet or complete the same, and, if it so elected, to receive all moneys payable under the terms of the contract. In the second case the bond provided that, in event of default on the part of the contractor, the surety should have the right, if it so desired, to assume, or complete, or procure the completion of the contract, and be subrogated and entitled to all the rights and properties of the principal arising out of the contract.

In the present case there is no such condition, either in the bond or contract. On the contrary, the contract recites that the obligee shall retain fifteen per cent. of the money due on estimates, and, if at any

time there should be evidence of any lien or claim for which the owner might become liable, then the owner should have the right to retain, out of any payment then due, or thereafter to become due, an amount of money sufficient to indemnify it against such liens or claims, and if there prove to be any claims after all payments are made by the owner, the contractor shall then refund to it all moneys paid in discharging the lien. The contract also provided that, should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or material of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements therein contained, then the owner should be at liberty, after three days' written notice to the contractor, to provide such material and labor, and also be at liberty to terminate the contract and take possession of the premises and complete the work. There is no provision in either the bond or contract by which the surety is subrogated to the rights of the contractor, and there is no provision for giving the surety notice of default by the contractor, except the general one already quoted.

This particular question, in bonds of this character, has not often been presented to the courts, but in every instance to which our attention has been called the rule of strict construction was not applied. Thus in Monro v. National (Wash.) 92 Pac. 280, it was held that the failure to give notice of the expiration of the time prescribed for completing the building did not release the surety from its obligation to pay lien claims for labor and material; no claim having been made for damages arising out of the delay. Attention was called in the opinion to several preceding decisions of that court on the same subject. The supreme court of Oklahoma reached the same conclusion in the case of American v. Scott, 18 Okl. 264, 90 Pac. 7. That the strict rule of construction is not applicable with reference to bonds issued by surety companies has become very well settled in the courts of the United States. A surety company, in the business of issuing bonds of this character, furnishes its own forms, and is presumed to be acting advisedly in the selection of the language used, and the intention of the parties will be ascertained by the rule applicable to insurance contracts.

This rule has been recognized several times in our own court, for instance: White v. Standard Life & Accident Ins. Co., 95 Minn. 77, 103 N. W. 735, 884; Bader v. New Amsterdam Casualty Co., 102 Minn. 186, 112 N. W. 1065. See also American Surety Co. v. Pauly, 170 U. S. 133, 18 Sup. Ct. 552, 42 L. Ed. 977. When it fairly appears from the face of the contract what the parties intended, a strict construction of general statements or of particular clauses will not be indulged in to vary the evident purpose to be accomplished by the instrument.

We regard the omission to serve notice upon the surety company of the failure to complete the buildings within the time specified to constitute no substantial variance from the terms of the bond. The contract provided what course should be taken in such event, and appellant was not prejudiced thereby.

Affirmed.