## FITGER BREWING COMPANY v. AMERICAN BONDING COMPANY OF BALTIMORE and Another.[1]

June 30, 1911.

Nos. 17,041—(145).

**Limitation on right to sue — demurrer.**

The bar of a contract limitation on the right to bring an action may be invoked by demurrer.

**Same — construction in bond of indemnity.**

A limitation on the right to sue thereon, contained in a surety bond furnished for compensation and in form selected by the surety, will be construed strictly against a claim which impairs the suretyship or indemnity.

**Same.**

Where a proviso in such bond limits the right to bring suit thereon to a period of six months after the first breach of the contract secured, the breach of the contract referred to is a breach creating liability on the bond.

**Complaint — demurrer.**

It not appearing from the complaint that this action was barred by the limitation contained in the bond, a demurrer interposed thereto should have been overruled.

Action in the district court for St. Louis county against defendant corporation and John W. Hilliard, to recover $2,613.60, amount paid for lien claims after the same had been adjudged valid. From an order, Dibell, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*P. C. Schmidt, J. A. P. Neal,* and *Thomas J. Davis,* for appellant.

*Fitzhugh Burns* and *Washburn, Bailey & Mitchell,* for respondents.

SIMPSON, J.

This action was brought to recover for payment made by plaintiff

[1] Reported in 131 N. W. 1067.

upon lien claims after the same had been adjudged valid charges against his property. The claimed liability of defendant Hilliard, the general contractor, arose out of a breach of his contract in failing to refund to plaintiff the amount paid on lien claims. The claimed liability of the defendant the American Bonding Company of Baltimore arose upon a bond given by it, as surety, and Hilliard, as principal, conditioned upon the performance by Hilliard of his contract, through the required payment by plaintiff of the lien claims. The defendant company interposed a general demurrer to the complaint. The district court, by its order, sustained the demurrer on the ground that it conclusively appeared from the complaint that the action on the defendant's bond was not brought within the period limited by the terms of the bond for bringing actions thereon. The case is brought to this court by the appeal of the plaintiff from such order.

The plaintiff questions the correctness of the order sustaining the demurrer, and claims (1) that, the limitation being by contract, the bar is not invoked by demurrer, but must be set up by answer as a defense; and (2) that it does not appear from the complaint that the action is not brought within the period limited by the bond.

1. The established rule in this state is that the bar of a limitation, when fixed by statute, may be invoked by a general demurrer. No reason is suggested or is apparent why a different rule should be adopted as to a valid limitation established by contract. The same principle applies in each case. A demurrer should be given a uniform effect as a pleading. If it conclusively appears by the complaint that the action on the bond was not brought within the time limited by the terms of the bond for bringing actions thereon, the general demurrer was properly sustained.

2. A more difficult question arises when we undertake to determine by an examination of the complaint whether the time limited by the bond for bringing an action thereon had expired before this action was brought.

The contract and bond involved are set out in full in the complaint. The contract between the plaintiff and the defendant Hilliard is a usual building contract, by which Hilliard agreed to furnish all la-

bor and material and erect a building in the city of Duluth for the plaintiff, according to plans and specifications, for an agreed price. The contract provided that the building should be completed January 1, 1909, that the owner might withhold from any payment due the contractor an amount sufficient to indemnify it against any lien claim, and, "should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default," and contained the further agreement: "The contractor to furnish to the owner a satisfactory bond executed by some good surety company in the sum of ten thousand dollars for the faithful performance of this contract on his part."

The bond, in the sum of $10,000, executed by the defendant company in the usual form, recited the making of the above contract, conditioned its obligation on the failure of the contractor to fully perform his contract, and continued: "Notwithstanding that said contract is hereby referred to, this bond is nevertheless issued subject to the following express conditions, which shall be conditions precedent to the right of the 'owner' to recover hereunder: * * *

"Provided, that said 'surety' shall be notified in writing of any breach of said contract by said 'principal,' or of any act on the part of the said 'principal' or his agent or employees, which may involve a loss for which the said 'surety' may be liable hereunder, immediately after the occurrence of such act shall have come to the knowledge of said 'owner.' * * *

"The 'surety' shall not be liable under this bond to any one except the 'owner;' but it is agreed that the 'owner,' in estimating his damage, may include the claim of mechanics and materialmen, arising out of the performance of the contract, and paid by him only when the same, by the statutes of the state where the contract is to be performed, are valid liens against said property. * * *

"And provided, further, that any suits at law or proceedings in equity brought or to be brought against said 'surety' to recover any claim hereunder must be instituted within six (6) months after the first breach of said contract; and in no event shall any action or pro-

ceedings be brought against the surety hereunder after the expiration of six months after the date of the completion of the work under said contract."

It further appears by the complaint that on April 23, 1909, the plaintiff duly notified the defendant company "of the breach of said contract by said contractor, and of his failure to pay claims for labor and material used in the performance of said building contract;" that certain lien claims were duly filed, and in a suit brought were duly adjudged valid claims against plaintiff's property in the aggregate sum of $3,791.89; that plaintiff paid this amount and caused the judgment to be satisfied and discharged; that the amount so paid was $2,613 in excess of the unpaid balance of the contract price of said building; that the defendant company was duly given notice of such suit and leave to defend therein; that the defendant Hilliard failed and refused to refund the amount so paid. From the facts so alleged, the defendant company claims it is made to appear by the complaint that a lien claim was filed against said property April 23, 1909, and thereby there was a breach of the contract; that this breach was known to and treated as such by the plaintiff on that date; that the plaintiff's right to sue on the bond was limited to a period within six months after April 23, 1909, the date of the "first breach of said contract;" and that this action, having been brought long after the expiration of such period, is barred by the limitation contained in the bond.

We are of the opinion that this position is not warranted by a fair construction of the terms of the bond. It is clear that by the terms of the bond—reference being had to the first proviso set out above—a right of action on the bond did not arise from the failure of the contractor to perform his contract and the resulting existence of valid liens on the property for unpaid material or labor, but arose from payment of such claims by the owner. The company, through this proviso, assumed, not the full obligation of suretyship, but, as to lien claims, only that of indemnifying the plaintiff for sums paid by him to discharge valid liens. The limitation clause in the bond relates to actions brought to enforce liability under the bond. It would seem, therefore, that the breach of the contract referred to therein

was a continuing breach, resulting in a loss to the plaintiff, for which the defendant company was liable—that is, as to lien claims, a payment by the plaintiff of a valid lien against the property.

The parties to the contract surely did not intend to fix a period of limitation by a breach of the contract out of which no damages resulted to the plaintiff, and out of which, therefore, no liability of the defendant company arose. The liability of the defendant company arose, if at all, from payment of a valid lien by the owner. Up to the time of such payment there was no breach covered by the bond, and no breach of any obligation of the surety bond, and nothing to which a limitation on the time for bringing an action on the bond based on a breach of the bond obligation could apply. The lien claim at any time might be paid by the contractor or discharged by the claimant. If so discharged, no right of action on the bond because thereof would ever have arisen in favor of the owner. The limitation of a right to sue under the bond refers to a breach of the contract which gives a right of action on the bond—not to a breach of the contract as between the owner and contractor, but of the contract as between the owner and the surety. Within the meaning of the bond, the contract is breached, not when a lien claim is filed, but when a valid lien claim is paid by the owner.

It is clear that the meaning of the term "breach," as used in the limitation proviso, must be determined by reference to the entire writing and a consideration of the intent of the parties as shown thereby. Every unauthorized intentional departure from the terms of the contract by the contractor is, as between the owner and contractor, a breach of the contract. But to hold that such a departure, occurring early in the performance of the work, upon which no claim against the surety is made, marks the beginning of the prescribed limitation period for bringing an action to enforce the surety's obligation arising out of a subsequent breach of the contract, resulting in loss to the owner, leads to an absurdity. In Lakeside Land Co. v. Empire State Surety Co. 105 Minn. 213, 117 N. W. 431, this court held, in construing a clause in a similar bond requiring notice to be given of any breach of the contract, that a notice was not thereby required of a failure to complete the building within the time fixed by

the contract, where no claim was made against the surety company on account of such failure. The limitation clause is therefore open to construction. Being open to construction, it must be considered in connection with the entire writing, and that meaning given to it, consistent with its terms, which best carries out its manifest purpose, which is that of a limitation provision, affecting the remedy, not the right, and giving a fixed period within which the remedy may be obtained after the right accrues. This is only done when the breach, referred to in the limitation clause as fixing the period for bringing an action to enforce liability under the bond, is understood to mean a breach in the contract creating a liability under the bond.

Many considerations support the correctness of this construction. The contract agreement is: "The contractor to furnish to the owner a satisfactory bond, executed by some good surety company, in the sum of Ten Thousand Dollars, *for the faithful performance of this contract on his part."* It will be presumed that the surety, in preparing and executing a bond in compliance with that provision, acted in good faith, and that it did not, after the use of language fully securing the performance of the contract, attempt to destroy the force of such suretyship by cutting off a right of action before a liability accrued under its obligation. Again, this bond must be construed strictly against a claim impairing its suretyship or indemnity, because the bond was concededly furnished by the company for compensation, and was drawn in terms adopted by the company. The rules of construction applicable to insurance policies are applicable alike to this bond. Lakeside Land Co. v. Empire State Surety Co. supra. In insurance policies, language used to limit the liability of the company is uniformly construed strictly against the company, and any doubt or ambiguity is resolved in favor of the insured and against the insurer. Bader v. New Amsterdam Casualty Co. 102 Minn. 186, 112 N. W. 1065, 120 Am. St. 613.

The contention of the defendant company that a breach of the contract, within the meaning of the proviso, occurred when the first lien was filed, would clearly tend to impair the suretyship or indemnity of the bond. Liability upon the bond being made to depend on payment by the owner and the validity of the lien, it cannot be assumed that

the owner can determine the validity of liens before judgment. From the nature of the transaction, where a building is being constructed by a contractor, the owner rarely has original information as to the value of labor or material furnished by particular claimants, or the amounts paid thereon. He is usually, by circumstance, a party adverse to the claimants. The maintenance of that position to the extent of requiring proof of claims is in the interests of the principal on the bond, the contractor, and also of a surety, who has, in good faith, undertaken to secure the full performance of the contract.

It is suggested that the owner may, at any time, pay the lien claim and take his chances on being able to establish its validity in the suit on the contract. No such obligation is placed upon the owner by the terms of the proviso by which the surety assumes liability for payment of valid liens. To hold that such duty is imposed by the limitation proviso is unnecessarily construing such limitation as restricting the indemnity furnished the owner by the bond.

In Brandrup v. Empire State Surety Co. 111 Minn. 376, 127 N. W. 424, an action on a surety bond, this court held that the evidence sustained the finding of the trial court that the contractor had defaulted and thereby breached his contract; further, that an action brought thereafter was not prematurely brought, and that the plaintiff in such action could recover the damages suffered up to the time of the trial, including amounts paid after the bringing of the action to satisfy lien claims. That case does not sustain the proposition that an action might be brought upon this bond based solely on the fact that lien claims had been filed, though none had been paid.

The allegation of the complaint that the plaintiff notified the defendant company of the breach of the contract and of the contractor's failure to pay claims cannot (in view of the other allegations of the complaint showing when payments of lien claims were made) be given the force of an admission that on April 23 a breach of the contract, within the meaning of the clause limiting a right of action on the bond, existed. No liability under the bond arose because of the existence or filing of the lien claims. The plaintiff does not base his right in this action on any claimed liability arising April 23. The bond required notice of acts on the part of the contractor which might

result in a liability.  The complaint alleges the giving of notice by the plaintiff apparently in compliance with such requirement.  To sustain a demurrer because of the bar of a limitation by statute or contract, the facts showing the expiration of the period limited for bringing an action must clearly appear on the face of the complaint —not by an uncertain inference.

The complaint does not show when the work included in the contract was completed.  Therefore the provision limiting the right to bring actions on the bond to a period ending six months after the completion of the work is not involved.  The suggestion is made that as the contract requires the work to be completed January 1, 1909, either it was then completed or a failure to complete it then created a breach of the contract.  As suggested, facts showing the bar of the limitation must clearly appear from the complaint.  From the agreement to finish a building at a certain time, a certain inference does not arise that the building was in fact completed at that time.  Nor does the second alternative hold.  A delay in the completion of the building on time may not have resulted in damages.  No claim is made against the surety company for such delay, if any.  The delay and resulting claim for damages, if any, could ordinarily be waived by the owner, and, if so waived, did not constitute a breach of the contract.  Lakeside Land Co. v. Empire State Surety Co. supra.

We have considered other claims of the defendant company, based on other allegations of the complaint; but, as they fall within the principles already discussed, it is unnecessary to take them up in detail.

An examination of decided cases outside of this jurisdiction shows a divergence between different courts in the constructions given to bonds like the one under consideration.  In Beebe v. Redward, 35 Wash. 615, 77 Pac. 1052, it is stated, construing a similar bond: "The surety cannot insist that anything constitutes a breach which the owner does not insist upon, unless he shows that the breach operated in some manner to his prejudice. * * * The owner may, therefore, waive the apparent breach of the contract caused by the mere filing of the lien, and insist that a covenant such as the one now before us is broken only when the lien is made a fixed and determi-

nate charge against his property, by the judgment of a court of competent jurisdiction." In National Surety Co. v. Long, 125 Fed. 887, 60 C. C. A. 623, the court had under consideration the timeliness of a notice of a breach of contract given under the terms of a bond similar to the one in the instant case. The conclusion reached seems in direct conflict with the position of this court announced in Lakeside Land Co. v. Empire State Surety Co. supra.

Lesher v. United States, 239 Ill. 502, 88 N. E. 208, and McGarry v. Seiz, 129 Ga. 296, 58 S. E. 856, relied on by respondent, are cases in which a definite time was limited for bringing an action on the bond. Upon the facts, these cases are distinguishable from the instant case—at least as to the particular limitation clause involved herein.

For the reasons suggested, it not appearing by the complaint that the action was barred by the limitation contained in the bond, the demurrer should have been overruled.

Reversed.