## Keating v. Peddrick, et al., Appellants.

*Penal bonds—Assumpsit on penal bonds—Judgment for amount of the penalty—Assessment of damages.*

1. Where a penal bond is given conditioned for the payment of an annuity to the obligee, the obligee may bring an action for arrears of the annuity, on the covenant in the bond, using the bond simply as evidence of the covenant, or he may bring his action directly upon the bond itself.

2. When the action is on the bond, there can be but one judgment, and that must be for the amount of the penalty, with an assessment of damages for the breaches assigned, and if subsequent breaches occur, the remedy is by scire facias upon that judgment.

3. Where a penal bond is given, conditioned for the payment of an annuity to the obligee, and the payments fall into arrears, and an action of assumpsit is brought upon the bond to recover the amount of the penalty and arrearages, the court has no power to enter judgment for want of a sufficient affidavit of defense and assess damages in the amount of the penalty, plus the amount of the arrearages. In such a case judgment should be entered for the amount of the penalty, with an assessment of damages for the

amount of the admitted breaches. The judgment thus entered will stand as well for any subsequent breaches that may occur, until it shall be exhausted.

Argued March 27, 1913. Appeal, No. 67, Jan. T., 1913, by defendants, from order of C. P. No. 1, Philadelphia Co., Dec. T., 1912, No. 2283, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Ellen Keating *v.* Frances B. Peddrick and Ada Russell Baxter, Surviving Executrices and Trustees under the Will of John Baxter, deceased. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Modified and affirmed.

Assumpsit on a penal bond.

The opinion of the Supreme Court states the facts.

The court made absolute the plaintiff's rule for judgment for want of a sufficient affidavit of defense. Defendants appealed.

*Error assigned* was the order of the court.

*Walter Biddle Saul,* for appellants.—A court of equity will not permit the recovery of a penalty: Emery v. Boyle, 200 Pa. 249.

As the courts in this State administer equity, the penalty cannot be enforced, in an action at law: Keck v. Bieber, 148 Pa. 645; Manhattan Life Ins. Co. v. Wright, 126 Fed. Repr. 82.

*George W. Harkins, Jr.,* with him *George W. Harkins,* for appellee.—The terms of this instrument establish its character as a mortgage. In this State, a mortgage has become simply a security for the payment of the acknowledged indebtedness of the bond, does not pass title to the land and has no other function than providing a mode of recovery under it: Fenton v. Fenton, 208 Pa. 358; Jackson v. Pittsburgh, 36 Pa. Superior Ct.

274; Lennig's Est., 52 Pa. 135; Wilson v. Shoenberger, 31 Pa. 295; Presbyterian Corporation v. Wallace, 3 Rawle 109; Dexter's App., 81 Pa. 403.

OPINION BY MR. JUSTICE STEWART, May 5, 1913:

The action in this case was on a penal bond in the sum of $8,000, conditioned on payment by the obligor, his heirs, executors and administrators, to the obligee, of the sum of $500 per annum, in equal quarterly payments during obligee's natural life. During his lifetime the obligor paid regularly in accordance with his covenant; but since his death his personal representatives have repeatedly made default, and for the recovery of the arrearages the present action was brought on the bond. An affidavit was filed in which the arrearages claimed were admitted, but the plaintiff's right to recover on the bond for the penal sum was denied. The affidavit was held insufficient and judgment was accordingly entered for $9,553.13, which amount included the penal sum of the bond and $1,553.13, the total amount in arrear, or, in other words, the damages up to the time of bringing the action. Appellants contend that the only action the plaintiff can have against the estate of the obligor is one for the arrears of the annuity. That plaintiff could maintain such action on the covenant in the bond, using the bond simply as evidence of the covenant, is not to be questioned; but it does not follow that she may not bring her action directly upon the bond itself. She may have either remedy: New Holland Turnpike Co. v. Lancaster County, 71 Pa. 442. When the action is on the bond there can be but one judgment, and that must be for the amount of the penalty, with an assessment of damages for the breaches assigned. If subsequent breaches occur, the remedy for their recovery is by scire facias upon that judgment. This is a settled rule of practice, distinctly announced in Duffy and Mehaffey v. Little, 5 Watts 120, and since repeatedly and consistently followed. There was error

here in entering judgment for an amount in excess of the penal sum. The judgment should have been entered for $8,000, the penal sum, with an assessment of damages thereunder for the amount of admitted breaches up to the bringing of the action, to wit, $1,553.13. As thus entered the judgment for the penal sum will stand as well as for any subsequent breaches that may occur until exhausted. We direct that the judgment be amended as we have above indicated, and as so amended it is affirmed.