## FITGER BREWING COMPANY v. AMERICAN BONDING COMPANY OF BALTIMORE and Another.[1]

November 20, 1914.

Nos. 18,748—(243).[2]

**Mechanic's lien — action to recover from contractor's surety.**
　　In this action to recover against the surety on a contractor's bond the

[1] Reported in 149 N. W. 539.　　　　[2] April, 1914, term calendar.

amount of mechanic's liens on the property paid by plaintiff after they had been adjudged valid, it is *held:*

(1) The action is not barred by a limitation in the policy that an action thereon must be brought within six months after the completion of the work under the contract, the breach for which a recovery is sought not arising until after such six months period elapsed.

(2) It is not barred by a limitation of six months. after the first breach of the contract. Following Fitger Brewing Co. v. American Bonding Co. of Baltimore, 115 Minn. 78.

(3) The surety was not released by an excess payment made by the owner to the contractor.

(4) It was not released by the failure of the owner to give the surety immediate notice of the failure of the contractor to complete the building by the time specified in the contract.

After the former appeal, reported in 115 Minn. 78, 131 N. W. 1067, the case was tried before Cant, J., who made findings and ordered judgment for $2,122.50 against defendant Hilliard and in favor of defendant bonding company. From an order denying its motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*Charles L. Lewis* and *J. A. P. Neal,* for appellant.

*Washburn, Bailey & Mitchell,* for respondent.

BUNN, J.

On a former appeal in this case an order sustaining a general demurrer to the complaint was reversed. 115 Minn. 78, 131 N. W. 1067. Defendant American Bonding Co. then answered, and there was a trial by the court without a jury. The decision was in favor of defendant bonding company, and plaintiff appealed from an order refusing a new trial.

The contention of plaintiff is that the conclusion of law that plaintiff is not entitled to recover is not justified by the findings of fact.

The action as against defendant bonding company is to recover on a contractor's bond given by the company as surety and defendant Hilliard as principal; the recovery sought is for money paid by plaintiff to satisfy lien claims after the same had been adjudged valid charges against its property. The decision of the court below was

that the action was barred because not brought within the time limited by the policy. The conditions of the bond pertinent to this question are:

"Any suits at law or proceedings in equity brought or to be brought against said surety to recover any claim hereunder must be instituted within six (6) months after the first breach of said contract; and in no event shall any action or proceeding be brought against the surety hereunder after the expiration of six months after the date of the completion of the work under said contract."

The bond provided that "the 'owner', in estimating his damages, may include the claims of mechanics and materialmen arising out of the performance of the contract, and paid by him only when the same, by the statutes of the state where the contract is to be performed, are valid liens against said property."

Hilliard did not perform the terms of the contract, in that he did not pay for the labor and materials used in the construction of the building. April 23, 1909, plaintiff duly notified defendant bonding company of this fact. Hilliard in fact abandoned the work early in April, 1909, and plaintiff completed the building on or prior to May 1, 1909, expending $56.70 in so doing.

Liens against the property were filed by mechanics and materialmen. An action was begun to enforce these liens. It does not definitely appear from the findings when the liens were filed, or the action commenced, but defendant bonding company was given notice of the pendency thereof in July, 1909, and requested to defend, which it declined to do. Judgment declaring the claims to be valid liens against plaintiff's property was entered February 4, 1910. The bonding company refused to pay, and plaintiff, on February 10, 1910, paid the full amount of the claims adjudged liens against the property.

The present action was commenced April 11, 1910, more than six months after May 1, 1909, the date of the completion of the building, but only two months after the judgment establishing the validity of the lien claims. On the former appeal the complaint did not show when the building was completed, and it was therefore held that the provision of the bond, limiting the right to bring actions thereon to

a period ending six months after the date of the completion of the work under the contract, was not involved. The opinion on the former appeal disposed of the provision requiring suits to be brought within six months after the first breach of the contract. It held that the complaint showed no breach that created a liability on the bond until the payment by the owner of valid lien claims. The findings show a breach for which an action on the bond could have been maintained when the contractor abandoned the work, but plaintiff made no claim for such breach. Whether this breach was sufficient to set in motion the first six months limitation, is one of the questions involved here, but it is not this limitation that governed the trial court in its decision.

The decision below was that the action was barred, because not brought within six months after completion of the work under the contract. If this is correct, it disposes of the case, and it will be unnecessary to consider the other limitation, or any other question.

In the former opinion it was held that the complaint showed no breach of the contract that gave plaintiff a right of action on the bond until March 10, 1910, when the lien claims were paid. If the findings show no such breach until this time, we have the absurd situation of the right of action being barred before it accrues. It is true, we think, that this limitation is valid. The parties made their contract, and it is not for the courts to relieve them because it was an unwise or even an absurd contract. It is also true that, standing by itself, the provision that "in no event shall any action or proceedings be brought against the surety hereunder after the expiration of six months after the date of the completion of the work under said contract," is not ambiguous and not open to construction. Nor do we attach any weight to the contention of plaintiff that the work was never completed *"under the contract."* But the provision must be read in connection with the entire bond, and particularly with reference to the chief purpose and object of the bond, which was to insure the faithful performance by the principal of his contract, according to its terms. One of these terms was that "the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any liens on said premises made obligatory in

consequence of the contractor's default." The bond itself expressly provided, as before noted, that the owner, in estimating his damages in a claim on the bond against the surety, might include "the claims of mechanics and materialmen * * * paid by him only when the same, by the statutes of the state where the contract is to be performed, are valid liens against the said property." It is clear therefore that one of the main objects of the bond was to insure the owner against lien claims not paid by the contractor, but only when they were valid liens, and were paid by the owner. Under the decision on the former appeal and on reason the owner was not obliged to pay such claims until they were adjudged valid. Indeed he could not safely do so. It is the usual thing that liens are filed after the completion of the work under a building contract, and it usually takes more than six months after the completion of such work to procure the judgment of a court declaring them valid. In the present case it was 10 months afterwards, and there is no suggestion that it could have been done sooner. We have then absolutely inconsistent provisions of the bond; the surety agreed to reimburse the owner when he pays lien claims that are valid claims, and, though it is plain that they probably cannot be adjudged valid before six months or a year after the building is completed, inserts, at the end of the bond it prepares, a proviso that renders its obligation nugatory. It is not only provisions that are ambiguous in themselves that are open to construction. Though a provision of a bond limiting liability be clear when considered by itself, yet, if it is inconsistent with another provision, and particularly with the central idea of suretyship or indemnity, courts will look to the entire instrument and will find ambiguity because of the inconsistent provisions. It is needless to say that such an ambiguity or doubt as to the intention of the parties is to be resolved against the surety. Here the object of the bond would be defeated, if we construed the limitation according to its strict terms when considered alone. A construction which works such a result should not be given, except by plain necessity. We are unable to accede to the idea that these parties intended the absurd result that a right of action on the bond, plainly given by its terms, should be barred before it arose. Defendant seeks to avoid this necessary re-

sult by claiming that plaintiff could have brought an action for the breach of the contractor in abandoning the work in April, 1909, and could have had included in his recovery amounts paid by him for the discharge of liens, though paid after the action was brought. Under the decision in Brandrup v. Empire State Surety Co. 111 Minn. 376, 127 N. W. 424, it is true that plaintiff might have taken this course. But it was not obliged to do so. Plaintiff might waive the breach of the contractor in abandoning the work, as in fact it did do. It might well be decidedly difficult to string the case along until the liens had been established as valid in another action, and it would certainly be dangerous for plaintiff to pay them before they were so established. With witnesses who no longer had an interest, it might be impossible and would likely be difficult for plaintiff to prove that the claims paid by it were valid claims against the property, and it might well be that he would fail to recover all that he paid. We are unable to hold that any remedy that plaintiff might have in such an action is sufficient to remove the plain inconsistency between the provision of the bond giving the right of action, and the provision taking it away in the guise of a limitation of time.

It is not necessary to decide within what time after the payment of the lien claims plaintiff might bring its action for reimbursement. The limitation of six months after the breach would begin to run when the claims were paid, if such payment be considered the first breach of the contract. And the action would in any event have to be commenced within a reasonable time. Clearly this action, brought two months after the cause of action accrued, was commenced within such reasonable time. We hold that it was not barred by the limitation of six months after the completion of the work.

This conclusion renders it necessary to consider whether there is any other ground upon which the decision below can be sustained.

The findings that Hilliard did not perform the terms of his contract, in that he did not pay for the labor and materials used in the construction of the building, that he did not complete the building, but abandoned the same in an incomplete condition, show conclusively a breach of the contract in April, 1909, for which plaintiff could have brought an action on the bond. The damages from this breach

were small, and plaintiff might well conclude not to go to the trouble and expense of a lawsuit to collect the same. By permitting the six months to elapse plaintiff doubtless lost his right to sue for this breach, but it does not follow that he could not maintain an action based on a breach that occurred afterwards. The abandonment of the work by the contractor, like delay in completing the building, could be waived by the owner, and, if so waived, would not constitute a breach within the meaning of the limitation clause. Lakeside Land Co. v. Empire State Surety Co. 105 Minn. 213, 117 N. W. 431; Fitger Brewing Co. v. American Bonding Co. of Baltimore, 115 Minn. 78, 85, 131 N. W. 1067. Following these decisions, we reach the conclusion that the present action is not barred by the limitation of six months from the first breach.

3. The bond provided that the owner should notify the surety in writing before the last payment or any "reserve" due the principal under the contract shall be paid. The contract provided that 10 per cent of all estimates be retained by the owner until the building is fully completed, and be included and paid in the final payment. It appears that the owner paid the contractor on April 2, 1909, the full amount of an estimate of $3,500, not retaining the 10 per cent reserve, and without notice to the surety. It is claimed that this payment released the surety. We are unable to so hold. If the surety was damaged by the excess payment, it may be that it would be entitled to relief to the extent of the damage it sustained; but this question can be tried and determined on a new trial. We hold that the payment did not in any event release the surety beyond the amount of the excess payment.

4. It is urged that the surety was released by the owner's failure to give immediate notice of the contractor's failure to complete the contract in time, and paying him a large part of the contract price after January 1, 1909, the time specified in the contract for the completion of the building. But the owner was entitled to waive the delay, and making no claim on account of it, was not obliged to give the surety notice. Lakeside Land Co. v. Empire State Surety Co. supra. Notice of the contractor's default was given April 23, 1909. This was clearly within a reasonable time after "any breach of said

contract by said principal or any act on the part of said principal * * * which may involve a loss for which the said surety may be liable."

Order reversed and new trial granted.