### ALBERT S. JOHNSON v. PAUL A. LAURENCE AND ANOTHER.[1]

April 29, 1927.

No. 25,975.

**Liability of surety on building contractor's bond.**
In an action against the surety on a building contractor's bond, *held*:

(1) Upon the facts stated in the opinion, the surety waived a provision in the bond that notice be sent to its president by registered mail.

(2) That the record does not support the claim that payments were made in violation of the terms of the contract.

(3) That a breach of such contract does not result from the filing of a lien, but from the payment by the owner of a valid lien claim.

The failure to complete the work on the date specified in the contract may give ground for but does not command a notice of default when no claim is made on account of the failure to complete the building within the time fixed by the contract.

Limitation of Actions, 37 C. J. p. 728 n. 6; p. 813 n. 48.
Principal and Surety, 32 Cyc. p. 108 n. 91; p. 138 n. 54 New.

---

See note in 5 L. R. A. (N. S.) 418; L. R. A. 1915B, 407; 21 R. C. L. 1002.

The defendant Union Indemnity Company appealed from a judgment of the district court for Hennepin county, Bardwell, J. Affirmed.

*Herbert T. Park*, for appellant.

*Daniel F. Foley* and *Lawrence Severson*, for respondent.

WILSON, C. J.

The Union Indemnity Company, being a surety on a bond of defendant Laurence for the performance of a building contract with plaintiff, appealed from a judgment.

1. The bond contains this provision:

[1]Reported in 214 N. W. 24.

"The surety shall be notified in writing of any act on the part of said principal or his or their agents or employees, which may involve a loss for which the said surety is responsible hereunder, immediately after the occurrence of such act shall have come to the knowledge of said owner, or to any representative duly authorized to oversee the performance of said contract; and a registered letter mailed to the president of the surety, at New Orleans, La., shall be the notice required within the meaning of this bond."

The plaintiff did not send a notice to the president of appellant by registered letter or otherwise. On December 14, 1921, plaintiff wrote a letter to appellant addressed to its home office at New Orleans, Louisiana, identifying the bond involved and advising that he had paid $6,000 to Laurence and that he was informed that Laurence had failed to pay for materials, involving a loss. Appellant, by letter, acknowledged the receipt of plaintiff's letter and said it had written its agents to give the matter attention. Plaintiff also informed one Kronzer, who issued the bond for appellant as its attorney in fact, of this situation. Upon the advice of Kronzer, plaintiff withheld the balance of $2,375 from Laurence. The building was finished June 1, 1922, when an action was commenced to foreclose mechanics' liens. The summons being served on plaintiff, he informed Kronzer, who sent him to appellant's counsel. The attorney "said that he would take care of it" in behalf of appellant. From December 15, 1921, to September 25, 1925, plaintiff's counsel had a number of conferences, personally and by telephone, with appellant's counsel, who said that he would get hold of Laurence and try to effect a settlement and expressed a wish that this action should not be commenced as he would make a settlement. In reliance thereon plaintiff's counsel delayed the commencement of the action until July 28, 1924. On January 30, 1924, plaintiff through his counsel wrote appellant demanding that it remove the liens on plaintiff's property for material used in the work involved. On February 8, 1924, appellant answered advising that the letter had been forwarded to its counsel in Minneapolis and asked plaintiff to take the matter up with him. Plaintiff eventually applied the bal-

ance withheld of $2,375 upon the judgment entered in the lien suit and was required to pay on March 14, 1924, an excess of $5,543.73. Appellant learned, in season, from plaintiff all it was entitled to get, through a registered letter to its president, and it acted thereon. It made no objection to a failure literally to comply with this provision of the contract until the case was tried.

Upon such record we hold that appellant waived the requirement that the notice be sent to its president or that it be sent by registered mail. Ceylon Farmers Elev. Co. v. Fid. & Dep. Co. 163 Minn. 280, 203 N. W. 985; Reilly v. Linden, 151 Minn. 1, 186 N. W. 121.

2. Appellant claims that plaintiff made payments to the contractor in violation of the terms of the contract in that plaintiff did not show that the payments were made upon certificates of the architect. The argument is not satisfactory since it rests on language in a printed form which was used in making the record but which was eliminated by erasure from the blank used in making the contract. Thus deleted the contract provided that payments should be made in current funds and that final payment should be made during the progress of the work. The bond says the final payment shall be retained until time for filing liens has expired. The record does not show the status of the work when the payments were made nor whether the architect's certificates were issued therefor. The final payment was handled as appellant directed. We find nothing in the record to support appellant's claim.

3. The bond provides that actions brought on the bond must be instituted within 12 months after the completion of the contract. When is such contract completed? This does not relate to the date when the physical work on the ground is finished. The contract and bond are dated September 24, 1921. The contract states that the contractor shall complete the work on or before March 1, 1922. The liability of appellant arose when plaintiff paid the lien judgment on March 14, 1924. Until then there was no breach of the contract and hence nothing put in operation the 12-month period. The filing of the lien claims was not a breach of the contract. The contractor might pay them any time. A breach occurs when a valid lien claim is paid by the owner. The contractor's duty to pay for

the material was an essential element of "completion of the contract"—a part of the contractual obligation and the contract was not completed, in law, until such indebtedness was paid even though the house was actually constructed. Hence the action was seasonably commenced. Fitger Brg. Co. v. American Bonding Co. 115 Minn. 78, 131 N. W. 1067; 127 Minn. 330, 149 N. W. 539; Church of the Immaculate Conception v. Curtis, 130 Minn. 111, 153 N. W. 259. Counsel urges that the failure to complete the work on March 1, 1922, was a breach of the contract which marked the beginning of the prescribed 12-month limitation period. Doubtless this delinquency on the part of the contractor as between him and the plaintiff was a breach of the contract. But since no claim was made against appellant on account of the failure to complete the house within the time fixed by the contract no notice thereof was required. Lakeside Land Co. v. Empire State Sur. Co. 105 Minn. 213, 117 N. W. 431.

Affirmed.