# Watters, Appellant, *v.* Fisher et al.

*Principal and surety—Bond—Building contract—Extension of time — Architect — Waiver — Estoppel — Judgment—Execution —Sci. fa.—Future damages.*

1. Where a surety on a bond for the completion of a building refuses to express any opinion on its liability, after a default of the principal, and expressly states to the obligee that it reserves its rights under the terms of the bond, its mere silence will not make it liable.

2. Where such bond requires that suit must be brought within a specified date after default, the rights of the parties are fixed at that time, and no subsequent acts of the surety will revive a liability which had terminated, unless they resulted in the making of a new contract by which an extension was agreed to.

3. Where the building was to be finished three months after the work was commenced, and suit was required to be brought within six weeks after the date of completion, no suit can be brought thereafter in the absence of acts of waiver or estoppel.

4. The mere fact that the owner would find it difficult to fix the amount of the damages is no excuse for not instituting the suit in time.

5. He could sue for the penalty fixed in the bond and have execution for damages sustained to the time the suit was brought, and secure an assessment for subsequent losses by a scire facias on the judgment, which remains security for the further damages which might be sustained.

6. When the contract accompanying such bond gave the architect authority to extend the time of performance for certain reasons stated, he cannot extend the time because of labor conditions, when no such reason for continuance is stated in the contract.

Argued October 5, 1927. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 168, March T., 1927, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1920, No. 391, for defendant n. o. v., in case of S. S. Watters v. J. H. Fisher and C. L. Carter doing business as Fisher-Carter Co. and London & Lancashire Indemnity Co. of America. Affirmed.

Assumpsit on bond. Before DREW, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff on which judgment was entered for surety company n. o. v. Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*W. Clyde Grubbs,* with him *William B. Secrist,* for appellant.—The bond on which this suit is based is conditioned so as to indemnify the owner against loss or damage. It is not a bond to indemnify against a liability. No right of action arises on a bond of indemnity against loss nor can the indemnitee recover until he has suffered an actual loss. Actual loss was a prerequisite to an action by the owner: Faulkner v. McHenry, 235 Pa. 298.

The undertaking of defendants was to insure the satisfactory completion of the contract: Butz v. Ins. Co., 255 Pa. 53; Phila. v. Ray, 266 Pa. 345.

When this contract was extended beyond December 1, 1919, the provisions of the second condition precedent "That no claim, suit or action by reason of any default shall be brought against the principal or surety after the first day of December, 1919, nor shall recovery be had for damages accruing after that date," were rendered inconsistent with the other conditions precedent and became contrary to the main condition of the bond:

Harrity v. Title & Trust Co., 280 Pa. 237; Baldwin v. Magen, 279 Pa. 302.

The recital in the bond of the contract and the knowledge of the surety at the time the bond was executed of the provisions of the contract was a waiver by estoppel on the part of the surety of the right to plead, as a defense, the second condition precedent: Stewart v. Accident Ins., 39 Pa. Superior Ct. 396.

Where, at the time of issuing an insurance policy, the company knows that one of the conditions thereof is inconsistent with the fact, and the insured has been guilty of no fraud, the company is estopped from setting up the breach of the said contract: Damms v. Ins. Co., 226 Pa. 358; Central Market St. Co. v. Ins. Co., 245 Pa. 272; Hoffman v. Ins. Co., 274 Pa. 292.

The acts of the surety after December 1, 1919, are consistent with the waiver, inconsistent with the forfeiture, and the surety is estopped from setting up as a defense the second condition precedent: Niagara Fire Ins. Co. v. Miller, 120 Pa. 517; Diehl v. Ins. Co., 58 Pa. 443; Buckley v. Garrett, 47 Pa. 204.

*Charles H. Sachs,* of *Sachs & Caplan,* for appellee.— The condition contained in the bond, limiting the time for bringing suit thereon, is valid and enforceable according to its plain terms: Riddlesbarger v. Ins. Co., 74 U. S. 386; Northwestern Ins. Co. v. Oil & Candle Co., 31 Pa. 448; Farmers Mut. Fire Ins. Co. v. Barr, 94 Pa. 345; Waynesboro Mut. Fire Ins. Co. v. Conover, 98 Pa. 384; Wernick v. Underwriters Agency, 90 Pa. Superior Ct. 186.

Cause of action accrued to appellant immediately on breach of contract by contractor, regardless of difficulty of determining exact loss.

OPINION BY MR. JUSTICE SADLER, November 28, 1927:

Watters, plaintiff, brought suit on a bond of the London & Lancashire Indemnity Company to ensure the

performance of a building contract entered into by him with the Fisher-Carter Company, one of the defendants. The agreement, dated July 16, 1919, called for the erection and construction of a dwelling house within three months unless the period was extended for specified reasons by the architect in whose charge the work was placed. Provision was made for the completion of the work by the owner, if he so elected, in case the contractor failed to comply with its obligation. In this event further payments were to cease, the balance remaining to be devoted to the necessary outlays required for finishing the residence, and should a greater amount be used than the sum retained, the excess was to be paid to the owner. In January following, the contractor being in default, further construction was taken over by Watters, and the building finished by him some months later at a cost larger than the sum retained. To recover this amount, and money expended in satisfying mechanics' liens filed, the present action was instituted against the contractor and the indemnity company. No defense was interposed by the Fisher-Carter Company, but an affidavit was filed by the codefendant. A verdict for the plaintiff against both parties followed. Judgment n. o. v. was later entered for the surety, and plaintiff has appealed.

The only question with which we are now concerned is the liability of the surety company on the bond given. It was conditioned "that if the principal shall indemnify the obligee against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract," it should be void, otherwise remain in full force and effect. If this general statement of the responsibility undertaken was without limitation a recovery could be had by the owner for the cost of completing the work. The liability is, however, modified, by the recitals which follow (31 C. J. 427), as to its extent, the duty of the owner to give notice within ten days of any default, and the condition "that no claim,

suit or action by reason of any default shall be brought against the principal or surety after the first day of December, 1919, nor shall recovery be had for damages accruing after that date; [and] service of writ or process commencing any such suit or action shall be made on or before such date."

Nothing was done by the indemnity company, prior to the time for bringing suit, which induced the plaintiff to delay in doing so. On December 2d, the first notice was given to defendant of a default, when Watters wrote: "Please be advised that the writer holds bond of your company on behalf of Fisher & Carter Company for the erection of a dwelling on Heberton Avenue, city. This bond secures the writer until the first day of December. As residence is not completed, due to apparently unavoidable delays, I would like an expression from you whether or not your bond will be extended. While the house is under roof and it looks as if the contractor will carry the same forward to completion, which latter I would estimate at two (2) months, I would like to know just what standing this will give me on my bond." Later, the surety, though requested, declined to undertake the completion of the house, expressly stating that it reserved its rights under the terms of the bond, and in no way indicated willingness to waive the conditions limiting its liability as set forth in the obligation sued on, and this cannot be inferred from mere silence: Royal Ins. Co. v. Beatty, 119 Pa. 6. Nor is such purpose disclosed in the correspondence and the later conversations between the representatives of both parties.

It is urged the continued discussion concerning completion of the house, without a distinct declaration that no payment would be made because of failure to institute an action within the time stipulated, was such conduct as worked an estoppel to now set up the defense insisted on. It is true that, if negotiations for payment or satisfaction have taken place, thus inducing a delay

in bringing suit within the period fixed by the policy, a recovery may nevertheless be had, since the claimant, under such circumstances, was prejudiced by the act of defendant: Thompson v. Phœnix Ins. Co., 136 U. S. 287; Bonnert v. Ins. Co., 129 Pa. 558. It cannot be said here that the plaintiff was misled by anything done by the indemnity company or its agents. The policy required that suit be brought prior to a specified date, and such a stipulation is binding and controlling: Northwestern Ins. Co. v. Phœnix Oil & Candle Co., 31 Pa. 448. The privilege of making claim for six weeks after the time fixed for completion of the work gave a fair time to plaintiff to assert his rights, and, likewise, placed a reasonable limitation on the responsibility of the surety company. Plaintiff knew of this condition and expressly recognized the fact in his letter of December 2d, already referred to. The rights of the parties were fixed at that time, and subsequent acts of defendant would not revive responsibility which had terminated, unless they resulted in the making of a new contract by which an extension was agreed to, a situation not found here.

Appellant contends that, though there was no waiver of the obligation to bring suit within the time stipulated, yet a right to recover upon the bond exists, inasmuch as the condition of the obligation indicates an intention to make certain the faithful performance of the building contract, and the actual abandonment of the work by the contractor did not occur until after December 1st. It is insisted that plaintiff had no right of action prior to that time, in view of the indefinite extension given by the architect for completion. The liability is limited in express terms for any loss occasioned by noncompletion of the house, and the time for making claim by the obligee was definitely fixed: 31 C. J. 429. The parties in this instance plainly had in mind definite dates,—the building to be finished on October 16th, three months after the work was commenced, and the obligee given from then until December to assert any

claim he might have. In unambiguous terms they fixed the periods which were deemed reasonable to complete the house, and thereafter make demand, and their own contract must control.

It has been held in some states, where like clauses, limiting time of suit, were considered, that a sufficient additional period, after that agreed upon, must elapse notwithstanding, during which the owner has the opportunity to complete the contract, and definitely ascertain his loss. Fitger Brewing Co. v. American Bonding Co., 115 Minn. 78, 131 N. W. 1067, and s. c., 127 Minn. 330, 149 N. W. 539, is an illustration. The contrary view, which finds expression in Lesher v. U. S. Fidelity Co., 239 Ill. 502, 88 N. E. 208; Hart v. Citizens Ins. Co., 86 Wis. 77, 56 N. W. 332, and McGarry v. Seiz, 129 Ga. 296, 58 S. E. 856, accords with our decisions, and the right to sue after the date fixed is denied, in the absence of acts of waiver or estoppel: Holtby v. Zane, 220 Pa. 178; Hocking v. Howard Ins. Co., 130 Pa. 170.

In the Pennsylvania case first cited, the contract provided for performance in four months, and that suit must be instituted in case of default within six months after the first breach. The plaintiff made claim after that time had gone by, and urged, as does this appellant, that since his loss could not be definitely determined until completion of the building contracted for, no prior right of action existed, and an earlier suit would have been fruitless, if not impossible. If he had the legal right to proceed, the mere fact that the amount of damage would be difficult of ascertainment furnished no excuse for not doing so. Plaintiff could, in such action, show the monetary loss which he sustained by failure to carry out the undertaking as agreed on: 37 C. J. 815. In case the sum could not be then determined, there was nevertheless the right to sue for the penalty named in the bond (Keating v. Peddrick, 240 Pa. 590), as expressly provided by the Act of June 14, 1836, P. L. 637, have execution for damages sustained to the time

suit was brought, and secure an assessment for subsequent losses by a scire facias on the judgment, which remains security for the further losses which may be sustained: M. E. Church of Franklin v. Equitable S. Co., 269 Pa. 411.

The Fisher-Carter Company had not completed the work by October 16th, and no suit was brought within the six weeks following, as required. If plaintiff's right of action had been lost after December 1st, it was due to the act of the owner, or his architect, in continuing indefinitely the time for completion without the knowledge or consent of defendant. Had delay been permitted for a period not exceeding that in which claim could be made, the surety would have no reason to object (Phila. v. Fidelity & Deposit Co., 231 Pa. 208, 212), but that was not the case here. It is said, however, since the contract attached to the bond became part thereof, and it gave the architect power to lengthen the period for completion, his action is binding on the indemnitor, though extended beyond the time fixed for bringing suit.

The authority to continue the time of performance existed only as set forth in article VII of the building agreement, which provided: "Should the contractor be delayed in the prosecution or completion of the work by the act, neglect or default of the owner, of the architects, or of any other contractor employed by the owner upon the work, or by any damage caused by fire, lightning, earthquake, cyclone or other casualty for which the contractor shall not be responsible, or by strikes or lockouts caused by acts of employees, then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all the causes aforesaid." The delay here granted "for as much additional time as necessary to complete the work" was not based on any of the reasons named, but, as stated in the written communication, was "due to existing labor and material conditions," and, as

explained in the testimony of the architect, because "labor was very hard to get; skilled labor particularly; materials were exceedingly hard to get in 1919, and in addition to that we had a very early winter,—the conditions of the weather." These were not causes set forth in the agreement justifying a postponement of performance.

"Where the builder absolutely agrees to perform the work within a certain time, the fact that his failure to do so is due to accidental and unforeseen causes or contingencies against which he could have provided in his contract will not excuse such failure to perform within the time fixed": 9 C. J. 786. The contractor had no right to demand an extension, under the terms of the agreement in question, for the reasons given, nor could it be granted to him to the prejudice of the defendant. Though it be conceded, for the sake of argument only, that certain authorization of delay, under circumstances mentioned in article VII, might have bound the surety, since the contract is made a part of the bond, and that an extension of the time to sue therefore followed, yet the causes assigned did not justify the permission here given under the provisions of the controlling agreement. The obligation of the surety could not be thus increased, without its express or implied approval, by this unjustified act of the architect: U. S. v. Freel, 186 U. S. 309.

Consideration has been given all of the suggestions presented in the able argument of appellant, and we are not convinced that error was committed below. The single assignment of error must be overruled.

The judgment is affirmed.