## NATIONAL TEA COMPANY v. PATRICK J. McDONOUGH AND OTHERS.[1]

November 1, 1929.

No. 27,454.

*L. K. Eaton,* for appellant.
*Best & Flanagan* and *LeRoy Bowen,* for respondent.

STONE, J.

Action on a contractors' bond wherein, after a decision favorable to plaintiff, the surety, Western Surety Company, appeals from the order denying its motion for amended findings or a new trial. Its

[1]Reported in 227 N. W. 205.

codefendants, Patrick J. McDonough and Frederick A. Hecker, co-partners doing business as McDonough & Hecker, were its principals in the bond. They do not appeal.

The bond bears date of August 11, 1925. It recites a contract entered into August 8 between plaintiff and McDonough & Hecker, as principals, for the installation by the latter of the plumbing and gas fittings in a building then under construction for plaintiff. The bond is conditioned for their faithful performance of that contract and for the payment by McDonough & Hecker of "all claims and demands incurred for the same" and that they should "fully indemnify and save harmless the Owner [plaintiff] from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the Owner all outlay and expenses which the Owner may incur in making good any such default." Both contract and bond were breached in that a claim for material was not paid, and in consequence a lien was perfected against the premises of plaintiff which it was compelled to pay.

The defense is that plaintiff's claim is barred by a limitation fixed by the bond in the following language:

"Provided, however, that no suit, action or proceeding by reason of any default shall be brought on this Bond after 12 months from the day on which the final payment under the Contract is made; and that service of writ or process commencing any such suit, action or proceeding shall not be made after such date."

The final payment on the contract price of the work was made December 29, 1925, more than 12 months before the commencement of this action. But the payment of the lien claim, to recover which this action is brought, was not made until August 1, 1927, well within 12 months before the commencement of the action. The argument for appellant as surety is that the language of the bond limiting actions thereon to 12 months "from the day on which the final payment under the contract is made" refers necessarily to the final payment on the contract price. Opposed is the proposition that respondent's payment of the lien was, within the language of the bond, the final payment.

Assuming that the phrase "final payment under the contract" is unambiguous and that standing alone it would mean the final payment on the contract price of the work, we find upon reference to the whole bond, in application to its subject matter, that it cannot be given any such restrictive meaning. The bond insured the faithful performance of the contract. It guaranteed not only the completion of the physical work but also the payment by the contractors of all "claims and demands incurred for the same." Expressly, it indemnified plaintiff as owner "from all cost and damage" resulting from failure of the contractors to pay such "claims and demands." Finally, it bound appellant to "reimburse and repay" plaintiff for "all outlay and expenses" incurred by it in making good any default of the contractors. So the payment by plaintiff to make good the obligation of the contractors to pay for material may very properly be denominated a "payment under the contract" which imposed the obligation.

The opposite conclusion would make the limitation of the bond effective as against a cause of action not arising until after the period had expired. It would bar a class of claims quite numerous in practice which do not become actionable for more than 12 months after completion of the work. That is because owners frequently may not safely pay lien claims until they have been established by judgment. That under our practice normally takes longer than 12 months from the time final payment on the contract price is due. The case is controlled by Fitger Brg. Co. v. American Bonding Co. 127 Minn. 330, 149 N. W. 539. In fact we have but applied the reasoning of that decision. For cases dealing with related problems, see Fitger Brg. Co. v. American Bonding Co. 115 Minn. 78, 131 N. W. 1067; Church of the Immaculate Conception v. Curtis, 130 Minn. 111, 153 N. W. 259; Johnson v. Laurence, 171 Minn. 202, 214 N. W. 24.

■ There is a finding that in defense of the action to establish the lien, which plaintiff finally was compelled to pay, it necessarily incurred $200 for attorneys' fees and other "costs and expenses." There is evidence supporting that finding, and we cannot disturb it.

There is no reason why such an item, necessarily incurred as this one is found to have been incurred, should not be considered part of the "outlay and expenses" paid by plaintiff in making good the default of the contractors and as such expressly covered by the bond.

Order affirmed.